Hon. BAYARD T. HAINER,
Hon. BENJ. F. BURWELL,
Hon. CLINTON F. IRWIN,
Hon. FRANK E. GILLETTE,
Hon. J. L. PANCOAST,
Hon. JAMES K. BEAUCHAMP,

} Associate Justices.

---

B. S. Flersheim Mercantile Company v. Ed Gillespie.

(Filed June 8, 1904.)

1. APPEAL—Assignments of Error. Assignments of error presented in a motion for a new trial, and relied upon for a reversal in the supreme court, which do not appear in the record as shown by the case made will not be considered by this court. Statements of counsel in their brief as to the existence of such errors will not be taken as evidence of the fact, unless the same is shown by the case made as signed by the judge, and certified to by the clerk.

:2. NEW TRIAL—Newly Discovered Evidence. Before a motion for a new trial on the ground of newly discovered evidence will be

sustained, it must appear that such evidence could not have been discovered before the trial by the use of reasonable diligence.

3. **DILIGENCE.** The affidavits on such motion must contain the facts which show such diligence, and the mere assertion that all reasonable diligence was used is insufficient.

(Syllabus by the Court.)

*Error from the District Court of · Blaine County; before James K. Beauchamp, Trial Judge.*

*Lookabaugh Bros.,* for plaintiff in error.

*Hotchkiss & Emery,* for defendant in error.

### STATEMENT OF FACTS.

This case was originally brought in the justice court before Victor Payne, a justice of the peace, at Watonga, Blaine county, Oklahoma, to recover a balance due on account from Ed Gillespie, the defendant, to the B. S. Flersheim Mercantile Co., plaintiff. The case was tried to a jury, which trial resulted in a verdict in favor of the defendant. An appeal was taken to the district court of Blaine county, and on the 26th day of March, 1903, was tried before a jury. Plaintiff introduced its evidence, defendant demurred to the evidence, which demurrer was sustained by the court. The jury was instructed to bring in a verdict for the defendant, to which action plaintiff objected. Objection overruled, and exceptions saved. Judgment rendered against the plaintiff for costs, from which judgment plaintiff in error appeals to this court, motion for a new trial having been filed and overruled.

Opinion of the court by

IRWIN, J.: Plaintiff in error complains of the action of the court in overruling the motion for a new trial, and the

first assignment of error is, that the court erred in not granting a new trial for the particular reason that the court abused its discretion by compelling plaintiff to go to trial without the personal attendance of witnesses who had been subpoenaed, but who were not in attendance. The record in this case shows the following, on page 6, of the case made:

"That afterwards, and upon the 26th day of ‘March, 1903, said cause came regularly on for hearing in the district court of Blaine county, Oklahoma Territory, a jury having been again demanded by the defendant, a true, full, correct and complete transcript of the record in said proceedings as reported by the official stenographer, of said court, together with depositions introduced by the plaintiff upon said trial, is in words and figures as follows, to wit:"

Then follows the title of the court, and the name of the parties, and the term of court. Then the record proceeding is as follows: "Counsel for plaintiff here make their opening statement of their case, to the court and the jury, which is as follows"—then follows the opening statement of counsel for plaintiff. The record then shows the following: "Counsel for the defendant here make opening statement of defendant's case to the jury"—then follows statement of defendant's counsel. Then the record discloses that the evidence of the plaintiff was taken, after which a demurrer to the evidence was interposed, and sustained by the court. Now it is apparent from this record that no application was made for a continuance on the ground of the absence of witnesses, and no objection was made so far as the record discloses, to proceeding to trial at that time. It is true that counsel in their brief make the statement that they objected at. that time, and that they asked for further time to procure,

the testimony of one witness, Mike Graham, who was legally and regularly subpœnaed, but the record in this case as shown by the case made fails to show any such condition or statement of facts, and this court in passing upon the case as presented, and the errors as assigned, must be governed by the record as disclosed by the case made, and will not take notice of errors assigned which have no record to sustain them, and are only supported by the statement of counsel in their brief.

The next assignment of error is that the court erred in refusing to grant to plaintiff a new trial on the ground of newly discovered evidence. It is a well recognized rule of this court that a new trial on the ground of newly discovered evidence will not be sustained unless it affirmatively appears from the affidavit in support of such motion, that diligence has been used to discover such testimony, and that the same could not have been discovered at a time prior to the trial by the use of reasonable diligence. In the affidavit in support of the motion for a new trial in this case, the general statement is made that the plaintiff and its attorneys have used every possible effort to ascertain the names of these witnesses, and the facts whereof they would testify, but it does not appear by the affidavit what these efforts were, or in what manner or how they investigated or made inquiry to ascertain the facts. It is true they state they made inquiry and wrote letters concerning this evidence, but this is virtually swearing to a conclusion. The affidavit does not name the witnesses by whom this newly discovered evidence would be furnished, and we think that on an examination of the entire affidavit that it does not show that reasonable

diligence was used to procure the attendance of the witnesses necessary to prove the facts alleged in said affidavit; if such witnesses exist, and we think further, that such evidence, if produced, would be merely cumulative, and would not be controlling in determining the issues in this case.

The only remaining assignment of error to be considered is the action of the dictrict court in sustaining the demurrer to the evidence. Upon this proposition, we think the true rule is "that when the evidence given at the trial, with all the inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, and may direct a verdict for the defendant. *L. & N. R. R. Co. v. Woodson,* 134 U. S. 614.

We have examined this record carefully, and cannot see upon any theory that can possibly be adopted after a reasonable consideration of the evidence, how a verdict in favor of the plaintiff could have been sustained, hence we think the action of the district court in sustaining the demurrer was correct. Finding no error in the record, the judgment of the district court is affirmed at the costs of the plaintiff in error.

Beauchamp, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.