### SANDLIN v. DEER et al.

No. 17912—Opinion Filed Dec. 14, 1926.

(Syllabus.)

**Appeal and Error—Defective Record—Absence of Order Overruling Motion for New Trial.**

Where the record does not contain an order of the court overruling a motion for new trial, the mere recital in the clerk's minutes of the proceedings in the trial court that a motion for a new trial was in fact overruled and exceptions allowed is insufficient in the absence of such order.

Error from District Court, Okfuskee County: John L. Norman, Judge.

Action between G. L. Sandlin and Eli Roy Deer et al. From the judgment, the former appeals. Dismissed.

T. H. Otteson, for plaintiff in error.

Phillips, Douglass & Duling, for defendants in error.

PER CURIAM. Judgment in favor of defendant in error was rendered by the trial court March 23, 1926. Motion for new trial was filed March 25, 1926. On April 19, 1926, the clerk of the court entered the following minutes:

"Motion of G. L. Sandlin for a new trial is overruled, to which the defendant Sandlin excepts and gives notice to the court in open court of his intentions to appeal to the Supreme Court of the state of Oklahoma, and for good cause shown is given 60 days from this date to make and serve a case-made and 10 days thereafter to suggest amendments and five days thereafter to settle upon written notice by either party."

ments and five days thereafter to settle upon written notice by either party."

The above recital shows that the motion for a new trial was overruled, but there is no order of the court to that effect, and such recital can avail nothing in the absence of the order itself. The order of the court must be exhibited in the record, and the mere recital that such an order was made is not sufficient. Lillard v. Meisberger, 113 Okla. 228, 240 Pac. 1067.

In the case above cited this court, speaking through Mr. Justice Riley, used the following impressive language:

"An order of the trial court overruling a motion for a new trial must be made with the same solemnity as a judgment on the merits, and a mere recital in the clerk's minutes as in the case at bar which finds its way into the case-made, cannot be substituted for such an order, or supply the defect, for failure to make it."

Upon motion of defendant and authority of the above cited case, this cause is dismissed.

Note.—See 4 C. J. p. 514, §2287.