## BELL v. BOARD OF COM'RS OF CRAIG COUNTY.

No. 27049.  March 29, 1938.

Jack L. Rorschach and J. W. Bashore, for plaintiff in error.

Frank L. Haymes, County Atty., and Edw. H. Brady, Asst. Co. Atty., for defendant in error.

GIBSON, J.  On its cross-petition in a

suit against it, Craig county was awarded judgment against Sam Bell for 80 cents with interest. Bell sued for $54.80 alleged due him on an allowed claim. The county had paid this amount to a justice of the peace in response to garnishment process issued upon a judgment rendered against Bell in favor of a bank. It is contended, and the trial court so found, that the judgment of the justice was void because no nonusury affidavit was filed in that court. The county took an assignment of the note when it paid the money to the justice, and in this action pleaded the note as a counter-claim or set-off. A jury was waived, and the court, after computing interest and attorney's fees, found 80 cents more due on the note than on Bell's claim; hence the judgment for the county.

Many of the assignments of error depend upon the testimony in the case and occurrences at the trial, and are such as can be reviewed only by virtue of the overruling of a motion for new trial. The case-made contains a recital that a motion for new trial was overruled, but the matter constituting such purported order is obviously only an excerpt from the court clerk's minutes. It is not the solemn judgment of the court as shown by its journal, but shows on the face of the record to be taken from the clerk's minute book. This is no part of the record and presents nothing for review as to the evidence or proceedings at the trial. Bigpond v. Davis, 121 Okla. 44, 247 P. 676; Sandlin v. Deer, 122 Okla. 108, 251 P. 608; Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067.

Demurrers were filed to the amended answer and to the cross-petition, attempting to raise the questions that a county cannot lawfully purchase a promissory note, and that the nonusury affidavit attached to the cross-petition was made by a person without knowledge of the facts. On the latter proposition, evidence was heard on a motion to strike. The ruling, if any thereon, is not properly here. It is doubtful that the question of ownership of the note could be raised. In Cook v. Redfield, 103 Okla. 77, 229 P. 588, a contention that the plaintiff did not have legal capacity to sue was held unavailing, since payment to the plaintiff would be a complete acquittance. And a holder of a negotiable instrument may sue in his own name, even if not the beneficial owner thereof. Turner v. Crowder, 134 Okla. 215, 273 P. 349.

But here again we are confronted with the fact that there is no proper record saving the questions involved. Although the case-made recites that a journal entry was filed, the case-made contains only the minutes of the clerk purporting to show what action was taken on the demurrer. For the reasons heretofore given, nothing is presented for review by such minutes.

The judgment accordingly is affirmed.

BAYLESS, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.