Dallas Wayne BARKS, Appellee,

v.

Warren F. YOUNG et al., Appellants.

No. 48804.

Supreme Court of Oklahoma.

May 3, 1977.

Jay C. Baker, Baker, Baker & Martin, by R. S. Passo, Tulsa, for appellee.

Gregory E. Garstang, Young, Daubert & Garstang, Inc., Tulsa, for appellants.

IRWIN, Judge:

Judgment was rendered against appellants, Warren F. Young and Beverly A. Young, d/b/a Western Sanitation Company. Appellants appealed.

Dallas Wayne Barks (appellee) was injured when his motorcycle collided with a truck operated by Western Sanitation Company (Western), and driven by Charles Peaster, one of Western's employees. The accident occurred at a time when Western's corporate charter was under suspension for failure to pay its State franchise tax. Appellee brought suit against the driver of the truck, Western, and appellants, Warren and Beverly Young, who were corporate directors and officers of Western. Appellants, Warren and Beverly Young, together with the driver of the truck filed motions for summary judgment. The trial court overruled the motions. Appellee subsequently dismissed his action against the driver.

The motions for summary judgment of Warren and Beverly Young were predicated on their alleged non-exposure to personal liability as a consequence of their positions as corporate officers and directors. The trial court overruled the motions because of the suspended status of Western's corporate charter at the time of the accident.

The trial court entered an order determining as a matter of law that Warren F. Young and Beverly A. Young were jointly and severally liable as partners, d/b/a Western Sanitation Company, in the event liability was found on the part of Western Sanitation Company or any agent thereof.

Appellants first contend the trial court erred in overruling their motion for summary judgment. This alleged error was available to appellants at the time they filed their motion for a new trial but did not include it in their motion.

12 O.S.1971, § 991(b) provides:

"If a motion for a new trial be filed, and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of his motion for a new trial but were not therein asserted."

■ This statutory proviso has been construed as mandatory. *Reeves v. Melton,* Okl.App., 518 P.2d 57 (1973). This determination was based on the statutory language and the practical necessity of the orderly administration of law. However, § 991(b), *supra,* does not place a limitation on the inherent power of this court to qualify the proviso or place an exception on its operation when questions of public policy or public interests are involved. Making an exception to the provisions of § 991(b) is similar to this Court's considering a case on appeal on a theory not presented to the trial court. See *First National Bank v. Southland Production Co.,* 189 Okl. 9, 112 P.2d 1087 (1941); 1and *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841 (1948). In *Reynolds* this Court recognized that the general rule of law adopted by practically all courts is that a case will not be reviewed on a theory different from that on which it was tried, but said there are exceptions thereto and held that where questions of public policy or widespread public interest are involved an appellate court may review a cause on a theory not presented in the trial tribunal. We hold that this Court may review questions of public policy or widespread public interest although a motion for a new trial was filed and such questions were not presented in the motion for a new trial.

■ Appellants do not contend that the issues they presented in their motion for summary judgment involve issues of public policy or of widespread public interest. Appellants, having failed to raise the issue relating to the trial court's overruling their motion for summary judgment in their motion for a new trial, such issue will not be considered in this appeal.

The case was tried on the theory of comparative negligence and the jury was instructed on those principles. 23 O.S.Supp.

1973, §§ 11 and 12. Appellants challenge the constitutionality of Oklahoma's comparative negligence statute for the first time before this Court on appeal. Appellants voiced no objection to the application of comparative negligence principles at pretrial; did not object to the trial court's comparative negligence instructions or offer alternate instructions; and did not raise the issue in their motion for a new trial.

■ Appellants recognize the import of § 991(b) and the necessity of including their asserted errors in a motion for a new trial, but nevertheless contend this Court should consider the constitutionality of our comparative negligence statutes because of the significant public concern attendant that issue. This Court, in the case at bar, will not exercise its inherent power on appeal to consider such issue.

At trial, appellants sought to cross-examine on a prior accident of a similar nature in which appellee had been involved. The trial court sustained objections to this line of cross-examination on grounds of relevancy. Appellants made renewed efforts to question appellee about the same matter for the purposes of impeachment. It seems that in response to interrogatories asking whether appellee had ever been involved in another motorcycle accident, the answer had been in the negative. Appellants offered a police accident report and the answer to the interrogatories as proof of inconsistencies in appellee's testimony at trial. When asked at trial whether he had ever been involved in another motorcycle accident, appellee answered in the affirmative.

The trial court refused to allow appellants to pursue the line of inquiry even if for impeachment purposes, the trial court being of the opinion appellee could not be impeached on collateral and irrelevant issues. Appellants argued in their motion for a new trial that this evidentiary ruling was error. The issue is now presented to this Court on appeal. We do not believe the trial court committed error in excluding appellants' offered proof and in sustaining appellee's objections.

■ Both before the trial court and in their brief, appellants tacitly admit appellee's response to the interrogatories and the police report concerning the prior motorcycle accident were not admissible as proof of appellee's negligence in connection with this accident. Evidence of prior similar incidents is generally inadmissible on grounds of relevance. *Atcheson, T & SF Ry. Co. v. Dickens,* 103 S.W. 750, 7 Ind.T. 16 (1907). See also, *Nesbitt v. Home Federal Savings and Loan Assoc.,* Okl., 440 P.2d 738 (1968).

■ As counsel for appellants repeatedly suggested to the trial court, the evidence was for the purpose of impeaching appellee's credibility. While the law allows much latitude in cross-examination when offering evidence for purposes of impeachment, a witness may not be impeached on purely collateral and irrelevant matters. See *Montgomery v. Nance,* Okl., 425 P.2d 470 (1967). The test of whether a particular contradictory statement of a witness is admissible for purposes of impeachment is whether the statement could be introduced as evidence for any purpose other than impeachment. *Smith v. Wilkins,* Okl., 403 P.2d 485 (1964). Since the offered evidence was not independently admissible for any other purpose and was irrelevant to the issue at hand, we hold the trial court properly excluded the evidence and sustained the objections to the questions.

Judgment of the trial court affirmed.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY, BARNES and DOOLIN, JJ. concur.