**Steven WETSEL, on Behalf of his minor son, Bradley WETSEL, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT I–1, Linda Parton, and J.T. Hurst, Appellees.**

No. 56918.

Supreme Court of Oklahoma.

Sept. 13, 1983.

Rehearing Denied Nov. 1, 1983.

---

Jerry W. Foshee, M. Blake Yaffe, Oklahoma City, for appellant.

Ronald L. Day, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellees.

OPALA, Justice:

The issues to be dealt with on certiorari sought by the defendants in a kindergarten student's negligence action are: [1] Did the Court of Appeals err in holding that, upon remand of the case, the trial court should direct a verdict for the plaintiff (student) and against two of the three defendants (the school district and the teacher)? and [2] Was the trial court's judgment sustaining the demurrer to the evidence by one of the defendants (school principal) improperly reversed? We answer both of these in the affirmative and then consider other questions that, though raised by the student's appeal, were left undecided by the appellate court's opinion.

The plaintiff, a kindergarten student [student], brought a negligence action against the school district, the school principal and a teacher for bodily injuries received in the classroom. The harm occurred during a regular class period when in the course of demonstrating the alphabet the kindergarten teacher used an electric deep-fat fryer to make doughnuts in the shape of letter "D". One of the students suddenly stepped on the electric cord, the fryer tipped over and fell off the table. Its contents spilled onto the floor. The plaintiff-student was burned when he came in contact with the spilled grease.

All three defendants prevailed at trial—the principal when the court sustained his demurrer to the evidence and the other two defendants (the teacher and the school district) when the jury returned a verdict in their favor.

On appeal by the student, the Court of Appeals (a) reversed the judgment in favor of the school district and the teacher, directing that, upon remand of the cause, a verdict against these two defendants be rendered, as a matter of law, on the issue of liability, with a new trial to be limited to damages alone, and also (b) reversed the judgment in favor of the principal for a new trial on *all* the issues. We granted certiorari and now reinstate the trial court's judgment.

A

CERTIORARI–RELATED ISSUES—ISSUES TENDERED FOR DISPOSITION BY DEFENDANTS' PETITION FOR CERTIORARI

I

ERROR IN TRIAL COURT'S REFUSAL TO DIRECT A VERDICT FOR THE STUDENT AS STEMMING FROM IMPERMISSIBLE BURDENING OF HIS NEGLIGENCE CLAIM WITH UNNECESSARY PROOF

In one of its instructions the trial court defined negligence and in another it set forth four elements of proof necessary to establish the student's cause of action. The latter instruction (No. 8)—unexcepted to at trial—was claimed on appeal to manifest the trial judge's "fundamental misconception" of the case. The Court of Appeals was urged that because of this misconception, the trial judge erred in two respects: (a) he refused to direct a verdict for the student and (b) his charge imposed on the student an excessive probative onus. The challenged instruction informed the jury that:

"In making your decision in this case you are instructed that the plaintiff has the burden of proving to you that each of the following necessary elements of the plaintiff's case is more probably true than not

true: * * * FIRST: *That the defendants created a dangerous condition in the Kindergarten Classrooms.* SECOND: *That defendant failed to closely supervise (sic) the operation of the doughnut apparatus.* THIRD: That the plaintiff was injured and sustained damages. FOURTH: That Plaintiff's injuries and damages were proximately caused by Negligence of the defendants. * * * "* [Emphasis added]

The student argued before the appellate court that his legal burden was fully met once he established, *without any dispute,* that the teacher had created a dangerous condition by using an electrical appliance to fry doughnuts in the classroom. The Court of Appeals appears to have acceded to this view. For the reasons to be stated we reject the student's argument as legally untenable and pronounce the challenged instruction to be free from fundamental flaw.

■ Undisputed classroom exposure of a student to a plugged-in deep-fat fryer cannot be regarded as negligence per se. Because the dangerous character of this electric appliance depends on the manner in which it is used, the degree of care to be exercised in handling it tenders an issue of fact. A deep-fat fryer does not fall under the rubric of an instrumentality that is inherently "ultrahazardous" such as a wild animal or dynamite.[1] Mere deployment of the latter, without *any* regard to fault, will give rise to liability for harm proximately resulting from it. The student's claim cannot be predicated on the mere occurrence of an injury proximately inflicted by the use

of an inherently dangerous substance. Rather, it is rested on a breached duty to use ordinary care to protect one from harm through the exercise of adequate supervision.[2] The trial judge's perception of the student's lawsuit, as articulated in the challenged instruction, is hence free from fundamental vice[3] and his refusal to direct a verdict for the student was clearly proper.

## II

### A  NEGLIGENCE CLAIM THAT IS FOUNDED ON A VARIABLE STANDARD OF CARE WHICH SHIFTS WITH THE CIRCUMSTANCES OF THE CASE TENDERS A CONTROVERSY TO BE SUBMITTED FOR JURY RESOLUTION

■ Negligence comprehends lack of that care which is required in a situational setting—a failure to do what a person of ordinary prudence would have done or would not have done under the circumstances.[4] The degree of care that an ordinarily prudent person should exercise in a given factual scenario presents an issue for the jury. It is only where the law *definitely* prescribes the standard of care to be followed that the court may be warranted in taking the case from the jury.[5] Where the negligence claim rests on a breached standard of care that is not legally fixed, but remains variable, shifting with the circumstances of the case, the parameters of duty are undefined as a matter of law[6] and the presence

**1.** (a) The owner or keeper is liable without fault for injuries inflicted by a wild animal. *City of Mangum v. Brownlee,* 181 Okl. 515, 75 P.2d 174, 175–176 [1938]; *City of Tonkawa v. Danielson,* 166 Okl. 241, 27 P.2d 348, 349 [1933]; see also *Whitefield v. Stewart,* Okl., 577 P.2d 1295, 1298 [1978] and (b) civil liability of a user of explosives falls under the same rubric. *Smith v. Yoho,* Okl., 324 P.2d 531, 533 [1958]; *Seismograph Service Corp. v. Buchanan,* Okl., 316 P.2d 185, 187 [1957]; *Tibbets & Pleasant v. Benedict,* 128 Okl. 106, 261 P. 551 [1927]; *St. Louis & S.F.R. Co. v. Ledbetter,* 83 Okl. 78, 200 P. 701, 702 [1921]; *City of Muskogee v. Hancock,* 58 Okl. 1, 158 P. 622 [1916].

**2.** See Annot.: Tort Liability of Public Schools and Institutions of Higher Learning for Injuries

Resulting from Lack or Insufficiency of Supervision, 38 A.L.R.3d 830, 834 [1971].

**3.** See definition of "fundamental error" in part VI, infra.

**4.** *Kelly v. Cann,* 192 Okl. 446, 136 P.2d 896, 899 [1942].

**5.** *Ponca City Ice Co. v. Robertson,* 67 Okl. 86, 169 P. 1111, 1113 [1917]; *Littlejohn v. Midland Valley Ry. Co.,* 47 Okl. 204, 148 P. 120, 121 [1915].

**6.** *Ponca City Ice Co. v. Robertson,* supra note 5; *Littlejohn v. Midland Valley Ry. Co.,* supra note 5; *City of Cushing v. Stanley,* 68 Okl. 155, 172 P. 628 [1918]; *Sand Springs Ry Co. v. Cole,*

or absence of care that is *due* tenders a controversy for jury resolution.

■ The record does *not* contain undisputed proof of negligence. The defendants showed the teacher took several safety precautions before and during the cooking demonstration. She explained, and warned the students of, the dangers attendant upon frying in hot grease. She instructed that they must watch from afar, stand back and not touch the appliance. The students were directed to remain at least three feet away from the table. Those standing in the back row were five or six feet away, while those in front were a little closer. All of them were told not to step into the space between the wall and the table from which the cord extended to the receptacle. During the process of cooking, she did look down occasionally. Although, while she was cooking, she did not always have direct eye contact with the students, she could still observe anything that was going on. According to the teacher's own testimony, the children were orderly and responsive. When the teacher previously cooked in front of the same class, as well as other classes, she had given them warnings identical to those uttered on the occasion in question. These warnings had been heeded. She had no reason to anticipate that the children would not obey them on the day in question. Another teacher testified that the class in question here was conducted in a proper manner; that she herself had taken similar precautions for the safety of her own students and that she would have handled the classroom in very much the same way. Testimony as to these safety measures. is relied upon by the defendants as competent evidence of *due care* which affords adequate legal support for the jury verdict in their favor.

Okl., 279 P.2d 938, 942–943 [1955]; *Lee v. Darden,* Okl., 421 P.2d 845, 848 [1966]; *Federer v. Davis,* Okl., 434 P.2d 197, 198–199 [1967].

**7.** See cases collected in the annotation cited in footnote 2.

■ The degree of supervision that is required by law over kindergarten students necessarily varies with the activities in which they are engaged, i.e. resting, drawing, playing, listening to stories or watching a cooking demonstration.[7] The standard of care imposable upon school authorities does of necessity depend on the situational setting. *It is not fixed by law.* Whether defense proof does demonstrate adequate supervision—in the precautions observed, the dangers anticipated and guarded against, in the safeguards used and the efforts exercised to prevent the occurrence of harm—clearly presents a jury question. Although some of the evidence in the case was indeed undisputed, inferences that may be drawn from it are both consistent and inconsistent with the defendant's exercise of due care. When uncontroverted proof lends support to conflicting inferences, the choice to be made between the opposite alternatives does not present an issue of law but rather one for the trier of fact.[8] Viewed as a totality, the record does not, as a matter of law, show undisputed breach either by the school district or by the teacher of a legal duty to provide adequate supervision.

## III

## ERROR IN SUSTAINING THE PRINCIPAL'S DEMURRER TO THE STUDENT'S EVIDENCE

■ The Court of Appeals, we are urged, erred in not affirming the trial court's judgment sustaining the principal's demurrer to the evidence. The appellate opinion gives us no explanation for the reversal. Although in his petition-in-error the student does allege that the demurrer was improperly sustained, his brief advances no reason or authority for granting corrective relief from this action other than a state-

**8.** *Thomas v. Hensel Optical Labs,* Okl., 653 P.2d 201, 203 [1982]; *Holland v. Dolese Co.,* Okl., 643 P.2d 317, 320 [1982]; *Flick v. Crouch,* Okl., 434 P.2d 256, 261 [1967]; *Morain v. Lollis,* Okl., 371 P.2d 473, 475 [1962]; *Mistletoe Express Service v. Culp,* Okl., 353 P.2d 9, 12 [1960].

ment that, had the principal been present, the student "would have sho*wed* (sic) that negligence existed on the part of the teacher and the court would have enough evidence to overrule the demurrer..."

Unless points of law relied on for reversal are clearly and explicitly pressed, error will be deemed waived. It is not enough to assert, in general terms, that a trial court's ruling was wrong. A fair effort must be made to advance a cogent argument with supporting authority.[9] When, as here, the claim of error is *merely* alluded to in the brief, it will not be considered.[10] Since error in sustaining the principal's demurrer was unsupported either by argument or citation of legal authority, the trial court's judgment should not have been disturbed.

B

APPEAL–RELATED ISSUES—ISSUES RAISED BY THE STUDENT'S APPEAL BUT LEFT UNDECIDED BY THE APPELLATE COURT'S OPINION WHICH MUST NOW BE RESOLVED ON CERTIORARI TO EFFECT A COMPLETE DISPOSITION OF THE CASE

IV

ERROR IN DENYING STUDENT'S MOTION FOR CONTINUANCE

Two of the student's propositions not dealt with by the Court of Appeals must now be reached on certiorari to effect a complete disposition of the appeal.

■ In the first of these propositions the student contends the trial court erred in denying him a continuance sought on the morning of the day the cause was set for trial.

A request for continuance is addressed to the sound discretion of the trial court whose judgment will not be disturbed on appeal absent a clearly shown abuse.[11] The request is controlled by 12 O.S.1981 § 668.[12] Under that statute, the student—whose motion was founded on the principal's unavailability as a witness at trial—had a duty to produce a supporting affidavit showing (a) that the unavailable evidence would be *material,* (b) that due diligence had been exercised to obtain it, (c) the nature of testimony the absent witness would be *expected to give* and (d) that the unavailable testimony was believed to be true.[13]

The court denied this request for a continuance. It is not amiss to note that twice before trial in this case had to be continued—once while venue was in Greer County and another time when it was laid in Harmon County.

The affidavit attached to the motion for continuance characterizes the principal's expected testimony as vital to the case in that (a) it will provide "material evidence as to the table that the deep-fat fryer was resting [on] at the time that the accident took

**9.** *Red River Const. Co. v. City of Norman,* Okl., 624 P.2d 1064 [1981]; *St. Louis-San Francisco Ry. Co. v. Farrell,* Okl., 263 P.2d 518, 520 [1954]; *Allison v. Bryan,* 26 Okl. 520, 109 P. 934 [1910].

**10.** *Ellis v. Race,* Okl., 398 P.2d 805, 810 [1956]; *Pryor v. Harvey,* 121 Okl. 288, 249 P. 905, 906 [1926].

**11.** *Sanditen v. Brooks Flame-Spray, Inc.,* Okl., 403 P.2d 471, 473 [1965].

**12.** The terms of 12 O.S.1981 § 668 provide: "A motion for a continuance, on account of the absence of evidence, can be made only upon affidavit, showing the *materiality of the evidence expected to be obtained,* and that due diligence has been used to obtain it, and where

the evidence may be; and if it is for an absent witness, the affidavit must show where the witness resides, if his residence is known to the party, and the probability of procuring his testimony within a reasonable time, and *what facts he believes the witness will prove,* and that he believes them to be true. If thereupon, the adverse party will consent that on the trial the facts, alleged in the affidavit shall be read and treated as the deposition of the absent witness, or that the facts in relation to other evidence shall be taken as proved to the extent alleged in the affidavit, no continuance shall be granted on the ground of absence of such evidence." [Emphasis added].

**13.** *Employers Casualty Co. v. Barnett,* 205 Okl. 73, 235 P.2d 685, 688 [1951]; *Schuman's Inc. v. Missy Dress Co.,* 172 Okl. 211, 44 P.2d 862, 863 [1935].

place" and (b) that it will include a "conversation had between him [principal] and another party Defendant [teacher] in [the] ... lawsuit," and (c) "will concern cooking in the classroom as well as arrangements of the classroom while cooking was going on." [14]

While the affidavit does allude generally to the expected testimony, neither in it nor in the transcript of the hearing on the motion do we find an outline of the *facts* the student expected to elicit from the absent witness or that his testimony would not be merely cumulative. When it is considered that (a) the principal had been deposed, (b) counsel for the defendants volunteered to produce at trial the table that had been sought from the principal by means of a subpoena duces tecum, (c) the teacher was herself available to testify about any conversations she might have had with the principal and (d) the trial had been continued twice before, the record utterly fails to demonstrate an abuse of discretion in the trial judge's ruling.

The student complains that because the principal was not personally present, the jury was led to believe the teacher was the only defendant in the lawsuit. This argument utterly lacks merit. In the course of trial the student's counsel did, on numerous occasions, draw the jury's attention to the identity of *all three* defendants in the action. There could have been no doubt in anyone's mind that at the inception of the proceedings the teacher, the principal and the school district were *all* parties-defendant in the case.

V

## ERROR IN QUASHING SUBPOENA DUCES TECUM

Lastly, the student contends that the trial court erred in quashing his subpoena duces tecum by which the principal stood commanded to produce the table upon which the deep fryer rested when the accident occurred. The subpoena was served on the principal in Oklahoma County while he was at the hospital where his wife was to undergo surgery during the week of the trial. The defendants sought to have that subpoena quashed the day before trial was scheduled. While in their briefs the parties state that the subpoena was in fact quashed on that day,[15] the *record* fails to show any action taken below on the motion in question.

■ Neither minute entries nor statements by counsel, whether in briefs or in a transcript, can be invoked as a legally sufficient memorial of the court's ruling. Only those issues may be considered in an appellate court which are supported by the record.[16] The burden is on the civil appellant to perfect and prosecute his appeal in the manner required by law.[17] It is the appellant's responsibility to procure a record that contains all the proceedings necessary for the review sought. If the record is incomplete or incorrect, amendment or supple-

14. The motion stated that the principal is a material witness and that he would testify (a) "as to the table that the deep fat fryer was placed upon", (b) "as to conversations had between him and another Defendant [the teacher] ... and that these conversations will center around the issue of cooking in the classroom", and (c) that he will "testify to the arrangements that were made subsequent to the conversations with [the teacher] ... as to how the classroom should be arranged when cooking is going on."

15. Among the papers transmitted with the record are (a) the appearance docket sheet for the case and (b) the "judge's bench docket". While none of these papers properly consti-

tutes a part of the appellate record before us [see citations in footnote 16, infra], both unequivocally indicate that the judge's ruling on the motion to quash came to be "deferred" on the day it was presented.

16. *Miller v. Miller,* Okl., 664 P.2d 1032, 1034 [1983]; *Bell v. Bd. of Com'rs. of Craig Co.,* 182 Okl. 390, 77 P.2d 1120 [1938]; *Boorigie Bros. v. Quinn-Berry Tea & Coffee Co.,* 157 P. 330 [1916]; *B.S. Flersheim Mercantile Co. v. Gillespie,* 14 Okl. 143, 77 P. 183, 184 [1904].

17. *Matter of Rich,* Okl., 604 P.2d 1248, 1253 [1979]; *Price v. Price,* Okl., 471 P.2d 894, 895–896 [1970].

ment must be secured in a timely-instituted correction proceeding.[18]

■ The record before us utterly fails to disclose *any* ruling upon the motion to quash subpoena duces tecum. Error cannot be predicated on a ruling that is dehors the record.

## VI

## ERROR IN FAILING TO INSTRUCT ON THE APPLICATION OF RES IPSA LOQUITUR

The student urges the trial court erred in failing to instruct the jury on the application of res ipsa loquitur. The defendants counter that this doctrine was never invoked below. It was tendered neither by a trial brief nor by a requested, or excepted to, instruction to the jury. Moreover, *no* mention of this error appears anywhere in the motion for new trial or in the transcript of proceedings upon it.[19] In sum, defendants claim res ipsa loquitur must be treated here as an uninvoked theory.

■ The res ipsa loquitur argument is clearly without merit for four reasons. *Firstly,* the record, viewed as a whole, clearly refutes the argument that res ipsa loqui-

tur as a theory of recovery or proof was ever invoked below either during or after the trial. To now afford the student the benefit of appellate review premised on that doctrine would violate the time-honored principle that a judgment cannot be reversed on a theory not presented in the trial court.[20]

■ *Secondly,* the student clearly failed to comply with the mandatory terms of 12 O.S.1981 § 991(b).[21] This statute requires that errors available but not included in new trial motion be excluded from appellate consideration. The record clearly reveals that neither in his motion for new trial nor during the proceedings thereon did the student apprise the trial court of any legal flaw in its failure to instruct on res ipsa loquitur.[22]

■ *Thirdly,* the student does not assert, and we do not find, that the res-ipsa-loquitur issue, urged here for the first time, is one of public law or public interest so as to constitute an exception either to the command of 12 O.S.1981 § 991(b)[23] or to the rule that an appellate court will not

---

**18.** *Kriewitz v. Taylor,* 172 Okl. 227, 45 P.2d 527, 529 [1935]; *State ex rel. Dept. of Highways v. Lehman,* Okl., 462 P.2d 649, 650 [1969].

**19.** The same argument was pressed by the defendants in their predecisional motion for dismissal of this appeal. Our order denying their motion concludes that "matters" sought to be reviewed in this appeal had been presented for the trial judge's consideration at the hearing on motion for new trial. Our disposition of the res-ipsa-loquitur issue in this opinion reaches the opposite conclusion. Unless directed otherwise in the order, *all* predecisional rulings on a point of practice or procedure are subject to re-examination when the appeal is reached for final disposition. Quite often in predecisional stages neither the record is complete nor are the parties quite able to aid us with adequate briefs. Because the court's opportunity for a more thorough exploration of motion-tendered issues is severely hampered by these deficiencies and various other constraints, a predecisional ruling is to be viewed as merely provisional. *Sawyer v. Sawyer,* 182 Okl. 348, 77 P.2d 703, 704 [1938].

**20.** *Mingenback v. Howell,* 205 Okl. 475, 238 P.2d 1093, 1095–1096 [1951]; *Maryland Casu-*

*alty Co. v. Willsey,* Okl., 380 P.2d 254, 259 [1963]; *Home-Stake Production Co. v. Minnis,* Okl., 443 P.2d 91, 99 [1968].

**21.** The terms of 12 O.S.1981 § 991(b) provide:
"If a motion for a new trial be filed and a new trial be denied, the movant may not, on the appeal, raise allegations of error that were available to him at the time of the filing of his motion for a new trial but were not therein asserted."
See also *Barks v. Young,* Okl., 564 P.2d 228, 229 [1977].

**22.** The only reference made by student's counsel to the instructions at the new trial hearing was:
"We feel as if errors of law were permitted in the instructions that were given to the jury, and excepted to at trial, which was borne out by the jury's note to the Court asking, 'Can we award money damages without finding negligence?' We feel as if the jury was confused and did not understand this particular point of law; and therefore, the error in law was committed and excepted to."

**23.** *Barks v. Young,* supra note 21 at 229.

review a cause on a theory not presented in the trial tribunal.[24]

■ *Fourthly,* the trial court's failure to instruct on res ipsa loquitur may not be regarded as "fundamental", "plain" or "manifest" error. These terms are used interchangeably. Fundamental error is narrowly defined as a substantial misstatement of a fundamental legal principle which appears on the face of the instruction.[25] When an appellant does not except to an instruction, the appellate court's review of its correctness is confined to a four-corner search for fundamental error.[26]

In sum, error, if any, in failing to instruct on res ipsa loquitur was not properly preserved for our review.

### VII

### ERROR IN ALLUDING TO "UNAVOID-ABLE ACCIDENT"

In his last proposition the student claims that the trial court committed fundamental error in Instruction No. 2 by which it allegedly submitted "unavoidable accident" as an available defense. The argument is utterly devoid of merit.

■ The challenged instruction called on the jury to determine the fact issues in the case. It stated that in their answer the defendants *alleged* unavoidable casualty. The instruction *did not* tell the jury that unavoidable accident did constitute, or was available as, legal defense to the claim. The court was careful to note that pleadings in the case represent no more than the parties' contentions. Nowhere in the instruction was the jury advised that they may consider "unavoidable casualty".

The practice of outlining to the jury the parties' pleadings has been unequivocally condemned by many of this court's prior opinions.[27] We now firmly sound a final call for its immediate cessation and abandonment. Because no exception was taken to the offending allusion in the charge and we find the instructions, viewed as a whole, free from fundamental error, the trial court's judgment will not be disturbed.

The opinion of the Court of Appeals stands vacated and the trial court's judgment is reinstated.

BARNES, C.J., and IRWIN, HODGES, LAVENDER and WILSON, JJ., concur.

SIMMS, V.C.J., concurs in all parts except Part VII and concurs in result in Part VII.

DOOLIN and HARGRAVE, JJ., dissent.

**24.** *First National Bank v. Southland Production Co.,* 189 Okl. 9, 112 P.2d 1087, 1098–1099 [1941]; *Special Indemnity Fund v. Reynolds,* 199 Okl. 570, 188 P.2d 841, 842 [1948].

**25.** An appellate court's search for fundamental error in the charge given by the court may not extend beyond the text of the instruction under challenge. *Mason v. McNeal,* infra note 26, 100 P.2d at 452.

**26.** *Mason v. McNeal,* 187 Okl. 31, 100 P.2d 451, 452–453 [1940]; *National Tank Co. v. Scott,* 191 Okl. 613, 130 P.2d 316, 320–321 [1942]; *Birmingham Steel & Supply, Inc. v. Smithco Mfg. Co.,* Okl., 399 P.2d 471, 472–473 [1965].

**27.** *Lambard-Hart Loan Co. v. Smiley,* 115 Okl. 202, 242 P. 212 [1925]; *Marathon Battery Company v. Kilpatrick,* Okl., 418 P.2d 900, 915 [1966].