2009 OK CIV APP 21

In the Matter of the ADOPTION
OF BABY W.

Robert Ravitz, Oklahoma County
Public Defender, Appellant,

v.

E.C. and S.C., Prospective
Parents/Appellees.

No. 105,563.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Feb. 2, 2009.

Christopher W. Venters, Assistant Public Defender, Oklahoma County Public Defender, Oklahoma City, OK, for Appellant.

Julie A. Demastus, Oklahoma City, OK, for Appellees.

JOHN F. FISCHER, Judge.

¶ 1 Appellant Oklahoma County Public Defender seeks review of an order of the district court denying his motion to vacate Appellees' (Parents') voluntary dismissal of their petition for adoption. Based on our review of the record and applicable law, we dismiss the appeal because Public Defender lacks standing to appeal the challenged order. We, nonetheless, hold that Parents' voluntary dismissal must be vacated.

## BACKGROUND

¶ 2 This case concerns the adoption of an Oklahoma child by persons living in Massachusetts. Parents previously adopted another child from the same birth mother. Following court proceedings involving the natural mother's voluntary relinquishment of her parental rights and termination of parental rights of putative natural fathers, the attorney for Parents submitted a proposed final decree of adoption to the district court. The district court found "no compliance" with Oklahoma County Administrative Order No. AD7–2006–21, *In re Adoption Procedures,* June 1, 2006, which provides, in pertinent part:

Judges assigned to the Oklahoma County Probate dockets shall adhere to the following rules and procedures when dealing with adoptions:

1. Strict compliance with allowable costs and expenses detailed in 10 O.S. [2001] § 7505–3.2B is mandatory.

. . . .

3. The Public Defender shall be appointed in all cases where adoption-related costs and expenses are requested and shall assist the Court in the review of the application for such costs and expenses. The Public Defender shall be an advocate for strict compliance with the law. (10 O.S. § 7505–1.2)

¶ 3 By minute order, the district court directed Parents' attorney to obtain approval of final expenses from Public Defender or to set the matter for a hearing with a special judge. In response, Public Defender filed an application to review and copy the contents of the court file in order to "present it in a confidential manner to the selected attorney for review of the case (i.e., potentially as an expert witness in the area of costs)." Public Defender asserted that "a review of the file is necessary for him or her to make a thorough assessment of the matter." Parents

objected to Public Defender, as a non-party, from examining the court file or otherwise interfering with the adoption.

¶ 4 In a hearing on Public Defender's application conducted on January 18, 2008, the district court indicated some concerns about the Presiding Administrative Judge's authority to have entered the administrative order but concluded, "[M]y hands are tied," and granted Public Defender's request for file review. Parents then promptly moved to dismiss their petition, advising the district court that they would finalize the adoption in their home state. The district court entered an order on the same day, dismissing the adoption "so Petitioners may finalize the adoption of said child in their home state of Massachusetts."

¶ 5 On January 23, 2008, Public Defender moved to set aside the district court's January 18 order of dismissal on grounds that the dismissal left the child in "a situation of legal abandonment." Parents filed an objection to Public Defender's motion, asserting, among other things: (1) Public Defender did not have standing to object to the dismissal; (2) previous orders of the Court, including the relinquishment signed by the birth mother, gave Parents' attorney legal custody of the child; (3) Parents have retained legal counsel, are filing a Petition for Adoption in their home state, and Parents' attorney will give consent to adoption in that case; and (4) the Interstate Compact on The Placement of Children (ICPC), the supervising entity between the states of Oklahoma and Massachusetts in the matter of this adoption, has been notified of the dismissal and the plans to finalize the adoption in Parents' home state.

¶ 6 At a hearing on February 20, 2008, the district court denied Public Defender's motion to vacate the dismissal. Public Defender appeals both the order dismissing Parents' Petition for Adoption and the order denying his motion to vacate that order.[1]

### STANDARD OF REVIEW

¶ 7 Parents argue, as they did before the district court, that Public Defender lacks standing to challenge the voluntary dismissal of their petition. Whether a party lacks standing to appeal is a question of law, which this Court reviews de novo, granting no deference to the district court's ruling. *Nat'l Diversified Bus. Servs., Inc. v. Corporate Fin. Opportunities, Inc.*, 1997 OK 36, n. 18, 946 P.2d 662, 666 n. 18.

### DISCUSSION

¶ 8 The issue of Public Defender's standing in this case is indistinguishable from the issue before the Oklahoma Supreme Court in its recent decision, *In re Adoption of Baby G.*, 2008 OK 92, 195 P.3d 377. In *Baby G.*, the Court considered the standing of this very same public defender, appointed in the same district court pursuant to the same administrative order, to bring an appeal. The Court's well-reasoned opinion is binding, precedential authority and dispositive of this appeal. As the Court noted in *Baby G.*:

> The orders approving the costs and expenses in the adoptions at hand do not impose a burden or obligation on the Public Defender, nor have any binding effect upon a right, interest, person or property of the Public Defender. "Conjecture or speculation about possible adverse consequences that may flow from the decision at some point in the future will not suffice to support a person's 'aggrieved' status. One cannot appeal from a decision, however erroneous, which does not affect one's substantial rights." *Underside v. Lathrop*, 1982 OK 57, ¶ 7, 645 P.2d 514, 517 (footnotes omitted). The Public Defender is simply not "aggrieved"....

*Id.* at ¶ 6, 195 P.3d at 379. Pursuant to the Court's decision in *Baby G.*, we hold that the Public Defender lacks standing to bring this appeal and dismiss the same.

¶ 9 Ordinarily, Public Defender's lack of standing would foreclose any further review of the district court's order granting Parents' dismissal. "Whenever widespread

---

1. Because we vacate the district court's order dismissing Parents' petition for adoption, it is not necessary that we separately determine whether the Public Defender has standing to appeal the order denying his motion to vacate.

interest may demand an immediate resolution of some vital public law issue, no impediment arising from infirmity in the procedural posture of the case however well recognized in purely private litigation will bar our exercise of reviewing powers." *In re Goodwin,* 1979 OK 106, ¶ 2, 597 P.2d 762, 764. *See also Barks v. Young,* 1977 OK 81, ¶¶ 7–8, 564 P.2d 228, 229; *Special Indemnity Fund v. Reynolds,* 1948 OK 14, ¶ 0, 188 P.2d 841 (Syllabus 1); *Payne v. Jones,* 1944 OK 86, ¶ 0, 146 P.2d 113 (Syllabus 1). In this regard, the Court of Civil Appeals has the same authority as the Supreme Court. *See* 20 O.S.2001 § 30.1.

¶ 10 Unlike the consolidated appeals considered in *Baby G.,* in which the appellant public defenders sought review of orders approving costs and expenses *after* entry of a final decree of adoption in each case, no final decree of adoption was issued in this case. In *Baby G.,* the Supreme Court declined to exercise jurisdiction pursuant to its superintending control because "[n]othing in the records presented suggests that the trial courts below have interpreted [10 O.S. Supp.2005 § 7505–3.2] to the detriment of the children involved or the greater public interest." *Baby G.,* 2008 OK 92 at ¶ 7, 195 P.3d at 379. In this case, Parents sought, and the district court approved, dismissal of their petition before a final decree of adoption was issued.

¶ 11 When Parents filed their petition for adoption, the district court acquired jurisdiction over this child. *See* 10 O.S. Supp.2005 § 7502–1.1 ("a court in this state has jurisdiction over … proceedings for adoption of a minor commenced pursuant to the Oklahoma Adoption Code …"). By dismissing their petition for adoption, Parents could not divest the district court of its jurisdiction over the child and its resultant responsibility to determine and safeguard the child's best interests through entry of an appropriate custodial disposition. *See In re M.J.S.,* 2007 OK 43, ¶ 17, 162 P.3d 200, 207. "Adoption remains a function which requires the exercise of judicial power vested in the courts by Article 7 of the Oklahoma Constitution." *Id.* at ¶ 23, 162 P.3d at 208.

¶ 12 The district court issued an order on July 13, 2006, granting temporary custody to Parents "pending their efforts to fulfill the remaining statutory requirements necessary in order to obtain a Final Decree of Adoption." That custody has been described by the Oklahoma Supreme Court as "non-final, or pending the litigation." *In re Baby Girl L.,* 2002 OK 9, ¶ 17, 51 P.3d 544, 551. The district court entered a subsequent order on October 4, 2007, which terminated the natural mother's parental rights and granted Parents' attorney "legal custody of the child and the right to subsequently give consent to the adoption." However, this pre-dismissal order, finding that "[i]t is in the best interest of said minor child if these adoption proceedings continue and the Court grants the adoption," clearly contemplates finalization of the adoption in Oklahoma.

¶ 13 More importantly, there is nothing in the appellate record showing that in ruling on Parents' motion to dismiss the district court conducted a hearing pursuant to 10 O.S.2001 § 7505–6.4.[2] That statute requires the district court to hold a hearing to determine custody, based on the best interests of the child, following the denial or vacation of a petition for adoption or in other instances of a failed adoption. *See Baby Girl L.,* 2002 OK 9 at ¶ 21, 51 P.3d at 553. Parents' dismissal of their petition constitutes a failure of the adoption proceedings in this case.

¶ 14 The Oklahoma Adoption Code contemplates that, once an adoption proceeding is initiated, the district court will retain jurisdiction until either the petition is granted and the adoption completed, or the petition is denied or vacated pursuant to section 7505–6.4. A third possibility is provided if, as represented to the district court, Parents commence a separate adoption proceeding in Massachusetts.

¶ 15 Because of concerns that events occurring subsequent to this appeal's commencement could have rendered the custody issue moot, this Court entered an order in this appeal on October 27, 2008, directing Parents, through their counsel of record, to

---

**2.** Section 7505–6.4(A) provides, in part: "If no preexisting custody order remains in effect, the court shall issue an appropriate order for the legal and physical custody of the minor according to the best interests of the minor, if the court has jurisdiction to issue a custody order."

inform this Court of events occurring during the pendency of this appeal that would affect this Court's jurisdiction, such as initiation of adoption proceedings and/or finalization of the adoption in Massachusetts. We further directed Parents to make certified copies of any petition or final order of adoption appear of record in this appeal. Parents have not responded to this Court's order.

¶ 16 Any concerns about the Oklahoma District Court's continuing supervisory role regarding the child would have been resolved and rendered moot if Parents had provided the requested proof that they had proceeded with the adoption in their home state of Massachusetts while the appeal was pending here. *See Chandler (U.S.A.), Inc. v. Tyree*, 2004 OK 16, ¶ 11, 87 P.3d 598, 601. Although there is nothing in this record indicating anything other than that Parents will provide a proper home for this child and that their adoption of this child is in the child's best interests, this Court must, nonetheless, in the absence of the hearing and custody order mandated by 10 O.S.2001 § 7505-6.4, vacate the district court's dismissal of Parents' petition for adoption. Having invoked the jurisdiction of an Oklahoma District Court to adopt the child, Parents became subject to Oklahoma law until either their petition was granted and the adoption was completed in Oklahoma or, if the adoption was not completed, the entry of an order of custody pursuant to section 7505-6.4. The record in this appeal does not show that either has occurred.

## CONCLUSION

¶ 17 Appellant Public Defender lacks standing, and, therefore, his appeal is dismissed. However, the current state of this case has presented to this Court a fundamental issue of public interest that must be addressed. Consequently, we vacate the January 18, 2008, dismissal of Parents' adoption petition and remand the matter to the district court to conduct the custody hearing required by 10 O.S.2001 § 7505-6.4.

¶ 18 **APPEAL OF PUBLIC DEFENDER DISMISSED, ORDER OF DISMISSAL VACATED AND CASE REMANDED FOR HEARING AND ISSUANCE OF ORDER**

**FOR LEGAL AND PHYSICAL CUSTODY OF CHILD PURSUANT TO 10 O.S.2001 § 7505-6.4.**

GOODMAN, P.J., and WISEMAN, J., concur.