OSCN Found Document:IN THE MATTER OF J.B.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF J.B.
2015 OK CIV APP 97
Case Number: 113354
Decided: 10/15/2015
Mandate Issued: 11/16/2015
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2015 OK CIV APP 97, __ P.3d __

 

IN THE MATTER OF J.B., A MINOR CHILD:

STATE OF OKLAHOMA, Petitioner/Appellee,
v.
JASSEN JON BOYLAN and TAMMY LYNN BOYLAN, Respondents/Appellants.

APPEAL FROM THE DISTRICT COURT OF PAYNE COUNTY, OKLAHOMA

HONORABLE STEPHEN R. KISTLER, JUDGE

VACATED AND REMANDED WITH INSTRUCTIONS

Amy E. Page, DEPARTMENT OF HUMAN SERVICES, Tulsa, Oklahoma, for Petitioner/Appellee,
Melissa DeLacerda, Jimmy Oliver, LAW OFFICE OF MELISSA DELACERDA, Stillwater, Oklahoma, for Respondents/Appellants.

Bay Mitchell, Presiding Judge:

¶1 Respondents/Appellants Jassen Jon Boylan and Tammy Lynn Boylan (the Boylans) appeal from an Order of the trial court ordering them to pay child support after they relinquished parental rights to their adopted minor child J.B. After de novo review, we hold the trial court properly ordered child support payments. However, we vacate the Order and remand for the trial court to enter permanent relinquishments and verifications in conformity with 10 O.S. 2011 §7503-2.3.

¶2 The facts in this case are undisputed. The Boylans adopted J.B. in 2012. On July 1, 2014, Petitioner/Appellee the State of Oklahoma (the State) filed a petition to adjudicate J.B. as deprived, alleging that J.B. did not have proper care or guardianship. The Boylans agreed to relinquish their parental rights, and each signed a document titled "Appearance and Consent to Termination of Adoption." The court verified and accepted the consents. Over the Boylans' objection, the court, pursuant to 43 O.S. 2011 §112(E), ordered the Boylans to pay child support until J.B. graduates from high school, turns twenty, or is adopted.[1] From this Order, the Boylans appeal.

¶3 This case presents a question of law - namely, whether the trial court may or must order child support after adoptive parents relinquish their parental rights. Accordingly, our standard of review is de novo. Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841, 845 (citation omitted). "Under this standard, we have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling." Id.

¶4 Throughout the proceedings below, the parties and the court characterized the case as a "termination of adoption." However, Oklahoma law does not include a procedure to "terminate" an adoption that has become final. The Boylans claim the termination was a vacation of the adoption decree pursuant to 12 O.S. 2011 §1038, and, as such, the court had no grounds upon which to order child support. The State, on the other hand, claims the court terminated the Boylans' parental rights and child support was warranted under 10A O.S. 2011 §1-4-906(B)(1) (providing that, until the child is adopted, "termination of parental rights shall not terminate the duty of either parent to support his or her minor child.").

¶5 This case was clearly a relinquishment of parental rights, rather than a vacation of the adoption decree or a formal termination of rights. Oklahoma's relinquishment statute, 10 O.S. 2011 §7503-2.3, provides that "a person whose consent to the adoption of a minor child is required" may permanently relinquish that person's rights with respect to the child by executing a written relinquishment before a district court judge. See §7503-2.3(A) and (C). The court may or may not terminate parental rights after relinquishment. See §7503-2.3(L)(1). Regardless, the relinquishing party's duty to support the child continues after relinquishment. See §7503-2.3(D)(4) ("A permanent relinquishment must state . . . [t]hat the execution of the permanent relinquishment does not terminate any duty of the person executing the permanent relinquishment to support . . . the minor until the adoption is completed[.]").

¶6 We reject the Boylans' argument that the duty to support stems from the blood relationship between a biological parent and child and that J.B.'s biological parents' obligation to support J.B. was reinstated when the adoption was terminated. Rather, a biological parent is relieved of all parental responsibilities upon entrance of a final adoption decree, and "the relation of parent and child and all the rights, duties, and other legal consequences of the natural relation of child and parent shall thereafter exist between the adopted child and the adoptive parents of the child[.]" 10 O.S. 2011 §7505-6.5(A) and (B). In other words, adoptive parents legally assume all parental duties normally belonging to biological parents, including the duty to support the child. Further, §7503-2.3's child support directive is not limited to biological parents; instead, it applies to those "whose consent to the adoption of a minor child is required[.]" See 10 O.S. 2011 §7503-2.3(A). The court properly ordered the Boylans to pay child support.

¶7 The parties have not addressed the legal sufficiency of the relinquishments executed by the Boylans. Nevertheless, because of the importance of the issue, we feel compelled to address it and may do so sua sponte. City of Enid v. Pub. Emps. Relations Bd., 2006 OK 16, ¶21, 133 P.3d 281, 289 ("[W]here questions of public policy or widespread public interest are involved an appellate court may review a cause on a theory not presented in the trial tribunal.") (quoting Barks v. Young, 1977 OK 81, ¶7, 564 P.2d 228, 229).

¶8 Section 7503-2.3 sets forth numerous requirements that must be included in a permanent relinquishment. Its provisions are mandatory. Fuller v. Odom, 1987 OK 64, ¶6, 741 P.2d 449, 453 ("The use of 'shall' by the Legislature is normally considered as a legislative mandate equivalent to the term 'must', requiring interpretation as a command.") (footnote omitted). The Boylans' relinquishments do not fully comply with §7503-2.3. Specifically, the relinquishments do not include the Boylans' social security numbers; the name of the person or agency to whom permanent relinquishment was given; whether the Boylans were represented by counsel or had waived their right to counsel; a provision noting that the relinquishment does not terminate the Boylans' duty to support J.B. until he is adopted; and whether the Boylans or J.B. are members of an Indian tribe. See 10 O.S. 2011 §7503-2.3(C)(3) and (5) and (D)(3), (4) and (6).

¶9 Although the trial court properly ordered the Boylans to pay child support, the Order is VACATED and this case is REMANDED for the court to enter relinquishments and verifications in compliance with §7503-2.3.

¶10 VACATED AND REMANDED WITH INSTRUCTIONS.

HETHERINGTON, C.J., and JOPLIN, J., concur.

FOOTNOTES

[1] Jassen and Tammy were ordered to pay $300 and $100 per month, respectively. For purposes of the Oklahoma Children and Juvenile Code, 10A O.S. 2011 §2-2-703(B) provides:

The court shall use the child support guidelines provided for in Section 118 of Title 43 of the Oklahoma Statutes in determining the amount a parent is to pay for the care and maintenance of a child.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 64, 741 P.2d 449, 58 OBJ 2057, Fuller v. Odom
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2006 OK 16, 133 P.3d 281, CITY OF ENID v. PUBLIC EMPLOYEES RELATIONS BOARD
Discussed
 1977 OK 81, 564 P.2d 228, BARKS v. YOUNG
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 1038, Proceedings to Vacate or Modify a Judgment, Decree or Order
Cited
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 112, Care, Custody, and Support of Minor Children
Cited