SPECIAL INDEMNITY FUND v. REYNOLDS et al.

No. 32988.    Jan. 13, 1948.

*188 P. 2d 841.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

Hatcher & Hatcher, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, V.C.J.  This is an original action in this court brought by the Special Indemnity Fund to review an award of the State Industrial Commission in favor of Walter E. Reynolds by virtue of his being a "physically impaired person" within the provisions of 85 O. S. Supp. 1943, §§171 and 172. The parties will be referred to as claimant, respondent, and the Fund, as they appeared before the commission. The employer has paid the award against it for the last injury and is not a party to this appeal.

On August 1, 1945, while in the employ of the respondent, Oklahoma Bed Springs Company, and while engaged in a hazardous employment, the claimant received an accidental personal injury, arising out of and in the course of his employment, resulting in a loss of use of and permanent disability to his left arm. This was determined by the commission to be 10% and an award against the respondent was made therefor.

Previously, in 1939, claimant had been so injured that his left eye was removed. Prior to that, and in 1930, he had injured his back to the extent that he had a 20% permanent total disability to his body as a whole.

Although the effective date of the 1945 amendment to the above section of the statute was April 28, 1945, some three months before the claimant was injured, the case was tried by the parties, decided by the commission, and is here presented upon the theory that the 1943 act was controlling. The record and briefs are therefore not sufficiently complete that this court can make a final disposition of the cause without further proceedings before the commission. Cases recently decided by this court have outlined the proper method of proceeding before the commission, and extent of proof required to warrant an award against the Fund. It is not necessary to here repeat them.

The general rule of law adopted by practically all courts is that a case will not be reviewed on a theory different from that on which it was tried below, but there are exceptions thereto where "practical injustice that might result" because "the parties proceeded on a mutual mistake of law." Murdock v. Ward, 178 U. S. 139, 44 L. Ed. 1009.

In the case of First Nat. Bank of Alex et al. v. Southland Production Co. et al., 189 Okla. 9, 112 P. 2d 1087, this court said:

" . . . Thus where questions of public policy or widespread public interest are involved an appellate court may review a cause on a theory not presented in the trial tribunal. Magnolia Pet. Co. v. State, 175 Okla. 11, 52 P. 2d 81; Shaffer Oil & Ref. Co. v. County Treasurer of Creek County, 175 Okla. 6, 52 P. 2d 76. See, also, 3 Am. Jur. 35. . . ."

Public interest and welfare is certainly involved in the application of the Workmen's Compensation Act which results in a payment of an award against the Special Indemnity Fund.

The award is vacated in so far as the Special Indemnity Fund is concerned, with instructions that further proceedings be had in harmony with and under the provisions of 85 O. S. Supp. 1945, §§171 and 172.

HURST, C.J., and RILEY, WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.