In the Matter of The TRANSFERS OF STUDENTS FROM CANEY VALLEY INDEPENDENT SCHOOL DISTRICT NO. I–18 TO SCHOOL DISTRICT NO. I–4.

No. 45881.

Supreme Court of Oklahoma.

Jan. 9, 1973.

**544**

Harris & Harris, Bartlesville, for appellant.

Brewer, Worten & Robinett, Bartlesville, John E. Robertson, Houston, Davidson, Jacoby, Sonberg, Main & Nelson, Tulsa, for appellees.

BARNES, Justice:

This case involves the transfer of students from Caney Valley Independent School District No. I-18, hereinafter referred to as "Appellant", to School District No. I-4 both in Washington County.

According to the parties' representations, the written applications for the transfers were filed with the County Superintendent of Schools in that County in the year 1972, by the date in the month of May specified in 70 O.S.1971, § 8-103, and said County Superintendent thereafter entered his orders effecting the transfers on or about June 8, 1972.

Thereafter, the Board of Education of the Appellant School District filed a written appeal from the County Superintendent's order to the District Court in that County (Washington) on June 20, 1972. Some of the students transferred by the order filed a motion to dismiss said purported appeal on the ground that it was not filed "before June 20", as prescribed in Section 8-103, supra. The District Court sustained said motion and dismissed said appeal.

Soon after the Appellant filed its petition in error and brief in its present attempted appeal to this Court from the District Court's order of dismissal, the students, hereinafter referred to as "Appellees", filed their motion to dismiss on the ground that no appeal from such a court order is authorized by law, citing the provision of Section 8-103, supra, that the District Court's "decision shall be final."

As in their pleadings both Appellant and Appellees concede that this Court may, by certiorari, determine whether or not the District Court exceeded its lawful authority in entering the dismissal order, we will treat the pleadings herein as invoking this power, and proceed to answer that question. In this connection, notice Duncan v. Askew, 207 Okl. 542, 251 P.2d 515.

Section 8-103, supra, provides, among other things, that school transfer applications shall be filed with the county superintendent of schools not later than a certain May date preceding the school year for .which transfer is desired; that said county superintendent shall notify the boards of education of each school district not later than the 25th day of the same month that either may show cause "on or before June 5" why the transfer should or should not be granted; that "not later than June 15" the county superintendent shall notify the clerk of said board whether or not the transfer has been granted. Said section then states:

"* * * Provided that at any time *before June 20*, the board of education of either district or the parent or guardian of the child may appeal, . . . from the action of the county superintendent of schools to the district court . . ., and such appeal shall be heard, and a decision rendered thereon, not later than June 30, and such decision shall be final." (Emphasis added.)

In dismissing Appellant's appeal to it from the County Superintendent's order, the District Court held that the above time limitation ("before June 20") is jurisdictional and refused to apply the "substantial compliance rule" for which Appellant (under PROPOSITION II of its brief) cites

School Dist. No. 61, Payne County v. Consolidated Dist. No. 2, 110 Okl. 263, 237 P. 1110.

The cited case did not involve the question of whether or not the appeal provision of the statute involved therein was complied with. No case has been cited, and our research has revealed none, in which this Court has applied the substantial compliance rule to statutes prescribing a time limitation for court appeals. Where such a limitation is prescribed for appeals to this Court from other courts, we have adhered strictly to the wording of the statute involved. See Turrell v. Continental Oil Company, Okl., 466 P.2d 643, Kelley v. Bryan, Okl., 361 P.2d 1080, and the cases cited therein.

There is no merit to Appellant's contention that in enacting the present law (Sec. 8–103, supra) in 1949, the Legislature intended to allow the same five-day period that the previous law, 70 O.S.1941, § 1037.3, gave school board members of the affected districts to appeal from the county superintendent's order after their receipt of notice of it. If such had been the legislative intent, it would have been easy to have left this five-day period in the law as amended in 1949. Instead, new "dead-line" dates were inserted in an apparent attempt to assure a final decision "not later than June 30, . . .;" and many sessions of the Legislature have occurred since that year without any change being made in those dates.

In view of the foregoing, we hold that the District Court did not exceed its authority in interpreting Section 8–103, supra, as written, and accordingly dismissing Appellant's attempted appeal to that Court. Having so concluded, we overrule Appellant's motion in this Court to stay the County Superintendent's order, and affirm the District Court's order and/or judgment.

DAVISON, C. J., WILLIAMS, V. C. J., and JACKSON, IRWIN, BERRY, LAVENDER and SIMMS, JJ., concur.