Allen Tate EDMONDSON, Jr., Appellant,

v.

SIEGFRIED INSURANCE AGENCY, INC., a corporation, Board of Review for the Oklahoma Employment Security Commission, Appellees.

No. 50872.

Supreme Court of Oklahoma.

April 4, 1978.

Boyd & Parks by Ed Parks and George Hooper, Tulsa, for appellant.

Conner, Winters, Ballaine, Barry & McGowen by John S. Athens and Gary C. Clark, Tulsa, for appellees.

BERRY, Justice:

Appellant initiated an action in Tulsa County District Court seeking judicial review of an adverse decision by a Board of Review [40 O.S.Supp.1976 § 220(c)] denying appellant's claim under the Oklahoma Employment Security Act, 40 O.S.1971 § 211 et seq. A proceeding for judicial review is authorized under the Act by § 216(d)(7) and (8).

■ Appellant as plaintiff below named as defendant Oklahoma Employment Security Commission and Siegfried Insurance Agency, Inc., omitting the Board of Review as a party defendant. Both the Oklahoma Security Commission and the Board of Review of that Commission are required to be named as co-defendants, as well as any other parties to the proceedings before the Board of Review.

Demurrer to plaintiff's petition was interposed by a named co-defendant, was sustained and the cause was dismissed. The petition in the district court names as defendants the Oklahoma Employment Security Commission and plaintiff's former employer, Siegfried Insurance Agency, Inc., omitting the Board of Review. The appellant's petition in error names the former employer and the Board of Review of the Oklahoma Employment Security Commission, omitting the Commission as a party. Siegfried Insurance Agency, Inc., has moved in this Court for dismissal of the appeal, urging lack of jurisdiction in this Court resulting from failure by the appellant to name a necessary party.

The judicial review provided by the cited statute is limited to questions of law if the appealed decision is supported by evidence and no fraud exists. It is a special proceeding and the procedural requirements are mandatory. The Oklahoma Employment Security Commission and the Board of Review of that Commission, and any other parties to the proceeding before the Board of Review, are necessary parties and failure by a plaintiff seeking judicial review of a decision by the Board of Review to name necessary parties as defendants in a timely commenced proceeding in the district court is jurisdictional. In *City of Oklahoma City v. Lacy*, Okl., 336 P.2d 906, an appeal was dismissed for omission of a necessary party.

The matter is one of first impression in our jurisprudence, but has been often dealt with in other jurisdictions. The Missouri decision in *Duzer v. Industrial Commission*, Mo.App., 402 S.W.2d 616, 618, is persuasive.

There a substantially similar statutory provision was applied. As in Missouri, here the statute 40 O.S.1971 § 216(d)(7) and (8) is complete and exclusive in providing for judicial review. The terms of the statute must be complied with before a court can acquire jurisdiction. Necessary parties are clearly indicated and our decision is that the Court does not acquire jurisdiction unless the action is timely brought and all necessary parties are named. A like conclusion is reached in *Cuny v. Annunzio*, 411 Ill. 613, 104 N.E.2d 780, 782. This Court treats on necessary parties in *Ogle v. Ogle*, Okl., 517 P.2d 797.

Under the applied statute the duty of preparation of a record for district court judicial review devolves upon the Board of Review. Failure to name the Board as a party would leave the court with no record to review and no process for obtaining such record. The statute clearly denominates the Board and the Commission as separate entities in proceedings for judicial review.

The appeal is dismissed for the lack of jurisdiction.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BARNES and DOOLIN, JJ., concur.

SIMMS, J., not participating.