DISTRICT COURT FOR the SEVENTEENTH JUDICIAL DISTRICT, State of Oklahoma, Appellant,

v.

BOARD OF REVIEW FOR the OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Julie B. Martin, Appellees.

No. 77956.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 23, 1993.

David A. Webb, Dist. Atty., L. Walter Hamilton, Asst. Dist. Atty., Idabel, for appellant.

David T. Hopper, Oklahoma City, for appellee.

Julie B. Martin, pro se.

## MEMORANDUM OPINION

GARRETT, Judge:

Julie B. Martin (Martin) applied for unemployment compensation benefits. She apparently claimed to have been an employee of the District Court for the Seventeenth Judicial District, State of Oklahoma (Appellant). Appellant contested the claim on the ground that Martin was a per diem court reporter, a contract laborer, and not entitled to benefits. The benefits were allowed and the ruling was affirmed by the Board of Review (Board).

Appellant then filed a petition for review in the District Court of Tulsa County, Oklahoma. The only defendant named in the petition for review was Martin. The OESC and the Board were not joined as defendants. OESC entered a special appearance and filed a motion to dismiss the petition for review because Appellant had failed to include, as defendants, all of the necessary parties. Appellant attempted to amend its petition and name OESC as a Defendant. OESC objected. While the original petition for review was filed within the time allowed by law, the application to amend the petition was filed after the statutory time had expired. The court ruled it did not have jurisdiction and dismissed the action.

Appellant contends the Court erred in not allowing the amendment to the petition for review. The only issue in this appeal is whether the Court had jurisdiction to hear the matter.

The Court apparently based its decision on the case of *Edmondson v. Siegfried Insurance Agency*, 577 P.2d 72 (Okl.1978). In that case, the Court held that the Board of Review for the OESC *and* the OESC were required parties to a petition for re-

view in the District Court. The *Edmondson* Court said:

> The terms of the statute must be complied with before a court can acquire jurisdiction. Necessary parties are clearly indicated and our decision is that the Court does not acquire jurisdiction unless the action is timely brought and all necessary parties are named.

Appellant contends the parties seeking review in the *Edmondson* case did not attempt to amend their petition for review, and therefore, *Edmondson* does not apply. We agree with OESC that this constitutes an effort on the part of Appellant to apply the doctrine of relation back to the proposed amended petition for review. We also agree with OESC that the relation back provisions of the Oklahoma Pleading Code do not apply to this special proceeding. There is a special statute setting forth the requirements for a review proceeding. See 12 O.S.1991 § 2001 and 40 O.S.1991 § 2–610. To uphold Appellant's position would constitute a grant of an extension of time within which to file an appeal; and, such a ruling would violate the jurisdictional requirement of the statute.

The Court correctly found that insofar as OESC and the Board are concerned, the petition for review was not timely filed. They were necessary parties and the failure to name them as defendants was a jurisdictional defect.

**AFFIRMED.**

ADAMS, P.J., and JONES, J., concur.