**Jimmy L. TAYLOR, Appellee,**

v.

**STATE of Oklahoma, ex rel. OKLAHOMA EMPLOYMENT SECURITY COMMISSION and Board of Review and Riverside Nissan, Appellants.**

**No. 80988.**

Court of Appeals of Oklahoma,
Division No. 3.

Dec. 21, 1993.

James W. Smith, Stigler, for appellee.

Cara B. Nicklas, Oklahoma City, for appellants.

## OPINION

HUNTER, Presiding Judge:

Appellee Jimmy L. Taylor filed a claim for unemployment benefits, which was denied by the Oklahoma Employment Security Commission (OESC). Taylor appealed to OESC's Appeal Tribunal, which, upon de novo review, also denied benefits. Taylor appealed the decision to the Board of Review, which affirmed the denial of benefits. Taylor then timely sought judicial review in district court as provided in 40 O.S.1991 § 2-610. Taylor named OESC and his former employer, Riverside Nissan, as defendants, but failed to name the Board of Review as required by Section 2-610. The Board of Review was served with summons and the petition. OESC filed a special appearance, objecting to jurisdiction of the district court for the reason that Taylor failed to properly name all the statutory parties and the appeal time had since lapsed. Taylor then filed an amended petition 34 days after the date of the Board of Review's decision, to which, OESC again objected. Upon hearing, the trial court overruled OESC's objections to jurisdiction and allowed the appeal to proceed to its merits. The trial court thereupon reversed the decision of the Board of Review and determined that Taylor was entitled to unemployment benefits. Appellees (OESC) lodged this appeal.

**492**

 OESC first alleges in its brief that the trial court was without jurisdiction to hear Taylor's appeal and erred in allowing him to amend his petition after the time for appeal had lapsed. We note that OESC failed to raise this issue in its petition in error. However, such omission is not fatal to consideration of the issue of jurisdiction on appeal. The question of jurisdiction is fundamental and must be inquired into and answered by this Court, both as to our own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not. *Hayhurst v. Hayhurst,* 421 P.2d 257 (Okl.1966).

 Section 2–610 mandates that an appeal from a decision of the Board of Review be filed within ten (10) days after a decision is mailed to the parties and that the Board of Review as well as "all other parties to the proceeding" be named as codefendants. Judicial review of a decision of the Board of Review is a special proceeding and compliance with governing procedural requirements is mandatory. *Edmondson v. Siegfried Insurance Agency, Inc.,* 577 P.2d 72 (Okl.1978). Taylor filed his petition in district court within ten (10) days of the mailing of the decision, but failed to name the Board of Review, an essential party. Where the Board of Review is not named as a party defendant, the district court is without jurisdiction to review the decision of the OESC. *Edmondson v. Siegfried Insurance Agency, Inc., supra.* Taylor did not file his amended petition, properly naming all of the defendants, until long after the appeal time had lapsed. This is precisely the situation which occurred in *District Court for the Seventeenth Judicial District v. Board of Review for the Oklahoma Employment Security Commission,* 849 P.2d 1102 (Okl.App.1993), wherein Division 1 of the Court of Appeals determined that an amended petition for review could not be filed after the limitations period had expired and held that the suit was barred by the jurisdictional defect of failing to include the necessary parties in the petition filed within the ten-day limitations period. The district court does not acquire jurisdiction unless the action is timely brought and all necessary parties are named. *Edmondson v. Siegfried Insurance Agency, Inc., supra.*

 We find no merit in Taylor's argument that because the Board of Review was served with summons and the petition, although it was not named as a party, there was no prejudice and the trial court had the discretion to permit amendment of the petition after the limitations period had run. Lack of jurisdiction of subject matter cannot be waived or overlooked by the court. *Meek v. Williams,* 441 P.2d 420 (Okl.1968). Without subject matter jurisdiction, the trial court was without discretion to authorize amendment of the petition for any reason after the ten-day limitations period had passed. The trial court erred in allowing the amended petition to be filed and in ruling on the merits of this action.

The trial court's judgment is hereby RE-VERSED.

GARRETT and BAILEY, JJ., concur.