OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Petitioner,

v.

Honorable Glenn Dale CARTER, Judge of the District Court of Pottawatomie County, Respondent.

No. 85465.

Supreme Court of Oklahoma.

July 5, 1995.

Rehearing Denied Sept. 14, 1995.

Cara S. Nicklas, Oklahoma City, for petitioner.

Danita G. Engleman, Muskogee, for respondent.

A. Scott Johnson & Associates, P.C., Oklahoma City, for Shawnee Regional Hosp.

HARGRAVE, Justice.

This case presents the question whether *Edmondson v. Siegfried Ins. Agcy., Inc.,* 577 P.2d 72 (Okla.1978) is still good law under 40 O.S. § 2–610 of the Employment Security Act of 1980. In *Edmondson,* applying 40 O.S.1971 § 216(d)(7), we held that failure to name both the Board of Review of the Oklahoma Employment Security Commission *and* the Oklahoma Employment Security Commission, as parties was jurisdictional, and the appeal was dismissed.

Lori Earls filed application for unemployment benefits from the Oklahoma Employment Security Commission (Commission) and the application was denied. She appealed to the appeal tribunal for the Commission, which affirmed the Commission's decision. Earls then appealed to the Board of Review. The Board of Review affirmed the appeal tribunal's decision denying unemployment benefits and mailed its decision to Earls on January 27, 1995.

On February 6, 1995, Earls filed a petition seeking judicial review in the district court of Pottawatomie county, naming as appellees: "Board of Review for the Oklahoma Employment Security Commission and Shawnee Regional Hospital." The Commission specially appeared and objected to jurisdiction, due to the failure to name the Oklahoma Employment Security Commission as a defendant, as required by 40 O.S.1991 § 2–610.

Earls filed a response on February 21, 1995, requesting leave to amend her petition to name the Commission as a party to the appeal. On April 20, 1995, Respondent denied the Commission's objection to jurisdiction and granted Earls ten days to amend her petition to name the Commission. The Commission seeks extraordinary relief from this Court, requesting that we assume original jurisdiction and prohibit Respondent from proceeding further in the cause.

■ The Commission argues that the Respondent is exercising judicial power not granted by law, and is attempting to make an unauthorized application of judicial force, for which writ of prohibition is a proper remedy. Commission submits that under a plain reading of 40 O.S.1991 § 2–610, there were three

necessary parties: the Oklahoma Employment Security Commission, the Board of Review for the Oklahoma Employment Security Commission and the employer, Shawnee Regional Hospital. The Commission argues that failure to name all necessary parties is fatal to the appeal under *Edmondson v. Siegfried Ins. Agcy.*, 577 P.2d 72 (Okla.1978), and the case must be dismissed.

In *Edmondson*, claimant sought judicial review of an adverse decision by the Board of Review of the Oklahoma Employment Security Commission denying his claim under the Oklahoma Employment Security Act, 40 O.S. 1971 § 211 et seq. Edmondson named as parties defendant the Oklahoma Employment Security Commission and the employer, Siegfried Insurance Agency, Inc. The Board of Review was not named a party defendant.[1] We held that under 40 O.S.1971 § 216(d)(7), both the Oklahoma Employment Security Commission and the Board of Review of that Commission were required to be named as co-defendants, along with any other parties to the proceedings before the Board of Review. We found the procedural requirements mandatory and found that the failure of a plaintiff seeking judicial review of a decision by the Board of Review to name the necessary parties as defendants in a timely-commenced proceeding in the district court is jurisdictional. *Edmondson* at 73. We noted that the statute clearly denominated the Board and the Commission as separate entities in proceedings for judicial review and we dismissed the appeal for lack of jurisdiction.

Oklahoma courts recently have applied *Edmondson* in holding dismissal of appeal from decisions of the Board of Review required for failure to name all necessary parties. In *Taylor v. Okla. Employment Security Commission*, 867 P.2d 490 (Okla.App. 1993) the Court of Appeals reversed a decision of the district court that permitted claimant to file an amended petition to add the Board of Review as a party where the Board had not been named within the ten-day appeal time mandated by § 2–610. *See also, District Court for the Seventeenth Judicial District v. Board of Review*, 849 P.2d 1102 (Okla.App.1993).

Real party in interest Earls argues that *Edmondson* does not apply because it was based on Title 40 O.S.1971 § 216(d)(7), and that section has been replaced by 40 O.S.1991 § 2–610. Title 40 O.S.1971 § 216(d)(7) provided:

"... the Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court ... a petition for review of such decision, against the Board of Review, in which action any other parties to the proceeding before the Board of Review, including the Commission, shall be made codefendants."

The Employment Security Act of 1980, Laws 1980, ch. 323, 40 O.S. Supp.1980 §§ 1–101 et seq., became effective October 1, 1980. Specifically, § 2–610 provides for judicial review:

"(1) Within the ten (10) days after the day a notice of decision of the Board of review is mailed ... the Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court ... a petition for review of such decision, against the Board of Review. In such petition for review all other parties to the proceeding before the Board of Review and the Commission shall be made codefendants ..."

As in the previous version, § 2–611 provides that the Commission shall be a party to and entitled to notice in any proceeding involving a claim for benefits before a referee or the Board of Review.

Earls argues that the current statute does not provide that the Board and the Commission must be named as separate co-defendants, arguing that the Board of Review is a representative of the Commission and acts for the Commission so that to name the Board of Review for the Oklahoma Employment Security Commission is "in effect bringing both of them into the appeal." Fur-

---

1. On appeal to this court, the petition in error named the employer and the Board of Review of the Oklahoma Employment Security Commission, but did not name the Commission itself.

Employer moved for dismissal of the appeal based on lack of jurisdiction in this court resulting from failure by appellant to name a necessary party.

ther Earls interpreted § 2–610 to mean that all other parties before the Board of Review and before the Commission must be named, so that in this case only Shawnee Regional Hospital need be named in addition to the Board of Review.

We disagree. We do not find that any change in the jurisdictional requirements for judicial review of decisions of the Board of Review was made by § 2–610 of the Employment Security Act of 1980. Section 2–610 is virtually the same as the prior version. Section 2–610 provides "... In such petition for review *all other parties to the proceedings before the Board of Review and the Commission shall be made codefendants." (emphasis added)*. The statute provides that the Commission shall be named a codefendant.

██ Earls also contends that the trial court correctly allowed her to amend her petition for review to add the Commission as a party defendant after the ten-day appeal time had run, because there was no showing of prejudice to the defendant. Earls asserts that the 10–day appeal period is unconstitutional as violative of her due process rights, but cites no case law in support.

We reiterate our holding in *Edmondson.* When the ten-day appeal period provided in 40 O.S. § 2–610 has run without all necessary parties being named, the district court is without jurisdiction. Our legislature recently has provided specifically that the ten-day period in § 2–610 for appeals to district court from decisions of the Board of Review cannot be waived. Title 40 O.S. Supp.1992 § 2–614 provides that the ten-day time period provided for appeals "... may be waived for good cause shown, *provided, this waiver shall not apply to appeals to district court of decisions of the Board of Review."* (emphasis added).

The Respondent has exceeded his jurisdiction. Original jurisdiction is assumed. The Honorable Glenn Dale Carter, Judge of the District Court of Pottawatomie County, or any other assigned judge is prohibited from proceeding further in *Lori D. Earls v. Board of Review for the Oklahoma Employment Security Commission and Shawnee Regional Hospital, Case No. C–95–80,* filed in the district court of Pottawatomie County.

ORIGINAL JURISDICTION ASSUMED. WRIT ISSUED.

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, LAVENDER, SIMMS, OPALA and WATT, JJ., concur.

SUMMERS, J., concurs by reason of stare decisis.