2001 OK 95

Margaret SMITH and Joshua Motley, for themselves and all others similarly situated, Plaintiffs/Appellants,

v.

OKLAHOMA DEPARTMENT OF COR-RECTIONS, an agency of the State of Oklahoma, James Saffle, Commissioner, Defendant/Appellee,

and Old Republic Surety Company, Defendant.

No. 96,111.

Supreme Court of Oklahoma.

Nov. 13, 2001.

Bob G. Carpenter, Richard D. Laquer, Curtis W. Bussett, Oklahoma City, Oklahoma, for the appellants.

Andrew Tevington, Assistant Attorney General, Office of the Attorney General of Oklahoma, Oklahoma City, Oklahoma, for the appellee.

HODGES, J.

## I. ISSUE

¶ 1 The issue in this appeal is whether jurisdiction is in the Supreme Court of Oklahoma or the Court of Criminal Appeals. We find that the dispositive issue in this appeal is criminal in nature over which the Court of Criminal Appeals has exclusive appellate jurisdiction.

## II. FACTS

¶ 2 In March of 1995, Margaret Smith was sentenced for a felony and placed on probation under the Department of Corrections' (DOC) supervision. On June 6, 1997, Joshua Motley received a deferred felony sentence and was placed under DOC's supervision. Both Smith and Motley paid supervision fees to the DOC. Smith and Motley sued for release from DOC's supervision and for refunds of fees paid in excess of two year. The DOC released Motley from supervision on February 15, 2001, after the petition was filed. Smith remains under the DOC's supervision.

## III. ALLEGATIONS

¶ 3 In the petition, Smith and Motley both allege that DOC is unlawfully supervising them and ask for release from DOC's supervision. Smith alleges DOC is violating title 22, section 991a, subsection E of title 22 of the Oklahoma Statutes. Subsection 991a(E) provides that supervision of a probated sentence shall be initiated by court order and not exceed two years except upon a finding that a longer period of supervision would serve the best interests of the public and the releasee. Under subsection 991a(A)(1)(r), the court is authorized to set a supervision fee. Smith asks for a refund of fees paid for supervision of more than the two-year statutory period.

¶ 4 Motley alleges that the DOC violated title 27, section 991c, subsection A(7). Subsection 991c(A) grants a trial court authority to defer sentencing after a plea of guilty or nolo contendere. Under subsection 991c(A)(7), the trial court may order supervision during the deferment for a period not to exceed two years. As a condition of the supervision, the defendant shall pay a fee of $40.00 for each month of supervision. Okla. Stat. tit. 22, § 991(c)(A)(7) (1991). Motley allegedly has been released but seeks reimbursement of fees he alleges he paid for supervision past two years.

¶ 5 The DOC filed a motion to dismiss arguing: (1) the plaintiffs failed to comply with the Governmental Torts Claim Act, Okla.Stat. tit. 51, § 151 (1991), (2) the plaintiffs failed to exhaust their administrative remedies; and (3) the plaintiff's remedies are exclusively within the authority of the courts in which the judgments and sentences were imposed. The trial court dismissed the suit. The plaintiffs appealed. This Court retained the appeal for disposition.

## IV. JURISDICTION

¶ 6 The Oklahoma Supreme Court has appellate jurisdiction over all cases at law and in equity, except the Court of Criminal Appeals has exclusive appellate jurisdiction in criminal matters. Okla. Const. art. 7 § 4. "Issues concerning the determination of the amount of punishment and questions regarding a prisoner's release from confinement are matters which are, without question, within the Court of Criminal Appeal's exclusive appellate jurisdiction over criminal cases." *State ex rel. Henry v. Mahler*, 1990 OK 3, ¶ 15, 786 P.2d 82. Appellate review of a denial of a claim for plaintiffs' release from DOC supervision is within the exclusive appellate jurisdiction of the Court of Criminal Appeals. *See id.*

¶ 7 Oklahoma Supreme Court has the authority to decide jurisdictional conflicts between it and the Court of Criminal Appeals. *Id.* The Oklahoma Supreme Court's appellate jurisdiction extends to determining whether an issue is civil or criminal. Okla. Const. art. 7 § 4. For reasons discussed below, the primary issues ripe for decision are criminal in nature and subject to exclusive appellate review by the Court of Criminal Appeals.

## V. REFUND OF PAYMENTS FOR SUPERVISION

¶ 8 Smith's right to a refund of fees paid for supervision in excess of two years is

dependent on a determination that she was entitled to be released from DOC supervision after the two year period. The assessment of supervision fees is a condition of her probation and thus, her sentence. Her right to a refund is conditioned on a determination that she is being unlawfully supervised. *See Mahler*, 1990 OK 3 at ¶ 15, 786 P.2d 82.

¶ 9 Likewise, Motley's right to a refund is dependent on a determination that he was improperly supervised for more than two years. There exist a factual dispute as to whether Motley was assessed fees for supervision of more than two years. A ruling on this issue is not proper until the issue of his supervision being unlawful is decided. The propriety of Motley's supervision by DOC is a condition of his deferment. Okla.Stat. tit. 22, § 991c(A)(7) (1991).

¶ 10 A determination of the lawfulness of DOC's supervision of Smith and Motley is clearly with in the Court of Criminal Appeals' exclusive jurisdiction. Until such a determination is made, the quests for refunds are not ripe for adjudication.

## V. CONCLUSION

¶ 11 Because the civil matters at issue in this appeal are not ripe for review and the other issues are criminal in nature, the Oklahoma Court of Criminal Appeals has exclusive jurisdiction. Thus, this appeal is transferred to the Court of Criminal Appeals.

¶ 12 ALL JUSTICES CONCUR.