2002 OK 73

**Carter R. HARGRAVE, Plaintiff/Appellant,**

v.

**TULSA BOARD OF ADJUSTMENT, Defendant/Appellee.**

No. 97,474.

Supreme Court of Oklahoma.

Sept. 24, 2002.

---

Jon R. Patton, Tulsa, OK, for Plaintiff/Appellant.

Martha Rupp Carter, Tulsa City Attorney, and Patrick T. Boulden, Sr. Assistant, Tulsa City Attorney, Tulsa, OK, for Defendant/Appellee.

BOUDREAU, Justice:

¶1 We retained this appeal to decide whether the statutory requirements for perfecting an appeal from a decision of a municipal board of adjustment to the district court, set forth in 11 O.S.2001 § 44–110, are mandatory. We hold the statutory requirements are mandatory.

## I.

### FACTS

¶2 On June 26, 2001, the Tulsa Board of Adjustment (Board) conducted a hearing on Carter R. Hargrave's (Hargrave) request for a special zoning exception. At the conclusion of the hearing the Board denied Hargrave's request. On July 6, 2001, within ten days of the Board's denial, Hargrave filed a Notice of Appeal (NOA) in the district court of Tulsa County, Oklahoma. On that day he also mailed, by certified mail, return receipt requested, a copy of his NOA to the Board and

to the Tulsa City Clerk. The Board received its copy of Hargrave's NOA on July 12, 2001. The Tulsa City Clerk did not receive a copy of Hargrave's NOA in the mail since Hargrave had inadvertently mailed it to the wrong address. Nevertheless, since the same attorney represents the Board and the Tulsa City Clerk, the Tulsa City Clerk became aware of Hargrave's NOA and transmitted the record of the Board's proceedings to the clerk of the district court of Tulsa County on August 6, 2001. On the Board's motion, the district court dismissed Hargrave's appeal for lack of subject matter jurisdiction since Hargrave had not timely filed his NOA with the Board and the Tulsa City Clerk.

## II.

### STANDARD OF REVIEW

■ ¶3 The dispositive facts are undisputed. The issues presented are issues of law and are reviewed *de novo*. In conducting a *de novo* review we claim plenary, independent and non-deferential authority to examine a trial court's legal rulings. *Manley v. Brown*, 1999 OK 79, ¶22, n. 30, 989 P.2d 448, 456, n. 30.

## III.

### APPEALS FROM A MUNICIPAL BOARD OF ADJUSTMENT ARE GOVERNED BY 11 O.S.2001 § 44–110.

¶4 Title 11, Section 44–110 of the Oklahoma Statutes governs appeals from a municipal board of adjustment.[1] Subsection A identifies which court hears such an appeal. The appeal shall be taken to the district court in the county in which the municipality is located. Subsection B prescribes the requirements for perfecting the appeal. The

---

1. Section 44–110, enacted in 1977 and effective July 1, 1978, has not been amended to date. It provides, in full:

 § 44–110. Appeals from the board of adjustment

 A. An appeal from any action, decision, ruling, judgment or order of the board of adjustment may be taken by any person or persons, jointly or severally aggrieved, or any taxpayer or any officer, department, board or bureau of the municipality to the district court in the county in which the situs of the municipality is located.

 B. The appeal shall be taken by filing with the municipal clerk and with the clerk of the board

of adjustment, within the time limits which may be fixed by ordinance, a notice of appeal. The notice shall specify the grounds for the appeal. No bond or deposit for costs shall be required for such appeal.

 C. Upon filing the notice of appeal, the board of adjustment shall forthwith transmit to the court clerk the original, or certified copies, of all papers constituting the record in the case, together with the order, decision or ruling of the board.

 D. The appeal shall be heard and tried de novo in the district court. All issues in any

appellant must file a notice of appeal, which must specify the grounds for appeal, with both the municipal clerk and the clerk of the board of adjustment within the time limit fixed by city ordinance. In Tulsa, the time limit fixed by ordinance is ten days from the date of the board's action.[2]

 ¶5 Subsection C addresses jurisdiction. It requires the board of adjustment, upon the filing of the notice of appeal, to transmit the record of its proceedings to the clerk of the district court. The district court obtains jurisdiction over the appeal when the record is filed with the clerk of the district court. *Board of Adjustment of City of Tulsa v. Shore*, 1952 OK 383, 249 P.2d 1011, 1013.

 ¶6 Subsection D requires the district court to conduct a trial *de novo*. The district court has the same power and authority as the board of adjustment to grant or deny a variance or special exception. *Vinson v. Medley*, 1987 OK 41, 737 P.2d 932, 938. "There must be a complete examination of all issues, both of fact and law. The cause stands as if it has never been resolved before." *Id.* The burden of proof at the district court rests on the same party upon whom it rested before the board of adjustment. *Id.*

## IV.

## THE STATUTORY REQUIREMENTS FOR PERFECTING AN APPEAL FROM A DECISION OF A MUNICIPAL BOARD OF ADJUSTMENT ARE MANDATORY.

¶7 We have never expressly addressed in the context of a decision of a municipal board

of adjustment whether the statutory requirements for perfecting an appeal are mandatory. We have, however, addressed this issue in the context of a decision of the Board of Review of the Oklahoma Employment Security Commission. *See Oklahoma Employment Security Commission v. Carter*, 1995 OK 74, 903 P.2d 868, 871; *Oklahoma Employment Security Commission v. Emergency Physicians, Inc.*, 1981 OK 82, 631 P.2d 743; *Edmondson v. Siegfried Ins. Agency*, 1978 OK 45, 577 P.2d 72.

¶8 The statutory requirements for perfecting an appeal from a decision of the Board of Review of the Oklahoma Employment Security Commission (OESC) are set forth in 40 O.S.2001 § 2–610:

> Within the ten (10) days after the day a notice of decision of the Board of Review is mailed ... the Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court ... a petition for review of such decision, against the Board of Review. In such petition for review all other parties to the proceeding before the Board of Review and the Commission shall be made co-defendants ....

In *Carter, supra*, the claimant, Lori Earls, timely filed her petition for review but named only her previous employer and the "Board of Review of the OESC." She did not separately name the OESC. The OESC specially appeared and objected to jurisdiction due to Earls' failure to name it as a defen-

---

proceedings under this section shall have preference over all other civil actions and proceedings.

E. An appeal to the district court from the board of adjustment stays all proceedings in furtherance of the action appealed from, unless the chairman of the board, from which the appeal is taken, certifies to the court clerk, after the notice of appeal has been filed, that by reason of facts stated in the certificate a stay would in his opinion cause imminent peril to life or property. In such case, proceedings shall not be stayed otherwise than by a restraining order which may be granted by the district court upon application or notice to the administrative officer in charge of the enforcement of the terms and provisions of the ordinance, and upon notice to the chairman of the board from which the appeal is taken, and upon due cause being shown.

F. The district court may reverse or affirm, wholly or partly, or modify the decision brought up for review. Costs shall not be allowed against the board of adjustment unless it shall appear to the district court that the board acted with gross negligence or in bad faith or with malice in making the decision appealed from. An appeal shall lie from the action of the district court as in all other civil actions.

2. 42 Tulsa Revised Ordinances, § 1609(A) ("An appeal from any action, decision, ruling, judgment or order of the board of adjustment may be taken ... by filing with the city clerk and the clerk of the board within ten (10) days from the date of [the board's] action, a notice of appeal, which notice shall specify the grounds of such appeal ....").

dant. Earls then sought, and the district court granted, leave to amend her petition to add the OESC as a defendant. We reversed, rejecting Earls' argument that the district court properly allowed her to amend her petition since there was no showing OESC would be prejudiced. We held that strict compliance with § 2–610 is mandatory, saying: "When the ten-day appeal period provided in [§ 2–610] has run without all necessary parties being named, the district court is without jurisdiction." *Id.* at 871.[3]

¶ 9 We see no reason not to apply the same rule in the context of zoning appeals that we apply to unemployment compensation appeals. Accordingly, we hold that the statutory requirements for perfecting an appeal from a decision of a municipal board of adjustment are mandatory. We are not alone in so holding. Other courts have held in the context of zoning decisions that a statutorily prescribed method for perfecting an appeal is jurisdictional. *See, e.g., Cliff v. Bilett,* 125 Colo. 138, 241 P.2d 437 (1952); *Ballman v. Duffecy,* 230 Ind. 220, 102 N.E.2d 646 (1952); *see generally,* 8A The Law of Municipal Corporations, McQuillin Mun. Corp. § 25.317 (3d ed).

V.

WE REJECT HARGRAVE'S ARGUMENTS CONCERNING SUBSTANTIAL COMPLIANCE, VENUE AND ESTOPPEL.

¶ 10 Hargrave argues that he substantially complied with the statutory filing requirements, that failing to file his NOA with the Board and the Tulsa City Clerk is a matter of filing in the wrong venue only, and that the Board should be estopped from challenging the manner in which he filed his NOA.

¶ 11 Hargrave first argues that his appeal should not have been dismissed since

he substantially complied with the ten-day statutory time limitation by mailing his NOA on July 6, 2001, to the Board and to the Tulsa Municipal Clerk (although to the wrong address). We reject this argument. Hargrave has not cited, and our research has not revealed, any case in which we have applied the substantial compliance rule to a statutory time limitation for perfecting an appeal. *See, e.g., In re Transfers of Students,* 1973 OK 1, 507 P.2d 543. Even if substantial compliance could save this appeal, Hargrave did not substantially comply with the statutory time limitation.[4] Section 44–110(B), incorporating by reference Tulsa Revised Ordinance § 1609(A), requires that the NOA be filed, not merely mailed, within ten days of the Board's action. Hargrave undisputedly did not file, or even attempt to file, his NOA with the Board and the Tulsa Municipal Clerk by July 6, 2001.

¶ 12 Hargrave argues the statutory filing requirements are "an issue of venue, not jurisdiction." Hargrave's appeal was not dismissed for improper venue. It was dismissed because Hargrave failed to comply with the statutory filing requirements set forth in Section 44–110(B) for perfecting his appeal.

¶ 13 Hargrave also argues the Board should be estopped from asserting his failure to timely file his NOA because he followed the advice of the Board's attorney and followed the procedures in a pamphlet provided by the Board. We have examined the language in Hargrave's and his attorney's affidavits and in the Board's pamphlet titled "How to Apply to the Board." In essence, the language relied on by Hargrave merely indicates that the appeal is to the district court and is heard *de novo.* The language does not prescribe the statutory requirements for perfecting the appeal. Although we do not decide whether estoppel may ever

---

3. We also noted that the Legislature had recently provided that the ten-day period in 40 O.S. § 2–610 cannot be waived. *Oklahoma Employment Security Commission v. Carter,* 1995 OK 74, 903 P.2d 868, 871 (quoting 40 O.S. § 2–614 which provides that the ten-day time period in § 2–610 "may be waived for good cause shown; provided, this waiver shall not apply to appeals to

district court of decisions of the Board of Review.").

4. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute has been served. *Kasner v. Stanmire,* 1944 OK 230, 195 Okla. 80, 155 P.2d 230.

be applied to toll the statutory time limitation for perfecting an appeal from a board of adjustment, the board's conduct in this case does not rise to the level of equitable estoppel.

¶ 14 Finally, one of the issues listed in Hargrave's Petition in Error is: "Does 11 O.S. § 44–110 give jurisdiction to both the district court and city?" A review of the record reveals Hargrave did not raise this issue before the trial court. He cannot raise it for the first time on appeal. *Great Plains Federal S & L Assoc. v. Dabney*, 1993 OK 4, 846 P.2d 1088, 1089.

## VI.

### CONCLUSION

¶ 15 We hold the statutory requirements set out in 11 O.S.2001 § 44–110 for perfecting an appeal from a decision of a municipal board of adjustment are mandatory. Failure to file a proper notice of appeal with the board of adjustment and with the municipal clerk within the time limit fixed by ordinance is fatal. If a proper notice of appeal is timely filed with both the board of adjustment and the municipal clerk, the district court obtains jurisdiction over the appeal when the board of adjustment, pursuant to notice of appeal, transmits to the district court clerk the original or certified copies of all papers constituting the record in the proceedings before the board of adjustment.

**APPEAL RETAINED; DISTRICT COURT JUDGMENT AFFIRMED.**

WATT, V.C.J., HODGES, LAVENDER, OPALA, KAUGER and WINCHESTER, JJ., concur.

SUMMERS, J., concurs in result.

HARGRAVE, C.J., disqualified.