2005 OK CIV APP 96

**Mary Denise BURTON, Plaintiff/Appellant,**

v.

**SERTOMA HANDICAPPED OPPORTUNITY, Board of Review of the Oklahoma Employment Security Commission, and the Oklahoma Employment Security Commission, Defendants/Appellees.**

No. 101,835.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 9, 2005.

---

Steven R. Hickman, Frasier, Frasier & Hickman, LLP, Tulsa, OK, for Plaintiff/Appellant.

Teresa Thomas Keller, Oklahoma Employment Security Commission, Oklahoma City, OK, for Oklahoma Employment Security Commission.

## OPINION

ADAMS, Presiding Judge.

¶ 1 Mary Burton appeals a District Court order which dismissed her appeal of a decision by the Board of Review of the Oklahoma Employment Security Commission (Board) which denied her claim for unemployment compensation. Because we agree that the District Court lacked jurisdiction of Burton's appeal, we affirm.

¶ 2 As acknowledged in Burton's Petition for Review filed in District Court on September 14, 2004, the Board's order was mailed on September 10, 2004. Burton's Petition for Review did not name the "Oklahoma Employment Security Commission" (Commission) as a co-defendant as required by 40 O.S.2001 § 2–610(1), however, Burton filed an Amended Petition for Review on September 29, 2004, which remedied this oversight.

¶ 3 The District Court concluded the Amended Petition for Review was not effective to cure the jurisdictional defect because it had not been filed within ten days of the date the Board's order was mailed. Burton contends (1) the amendment should relate back to the date the Petition for Review was filed, and (2) the Amended Petition for Review was filed timely, in any event, by applying the provisions of 12 O.S.2001 § 2006(A) and (D).

¶ 4 The holding in *Oklahoma Employment Security Commission v. Carter*, 1995 OK 74, 903 P.2d 868, requires us to reject Burton's first argument. Earls, the plaintiff in *OESC v. Carter*, had also failed to name the Commission as a co-defendant in the petition for review. When the Commission, as it did here, objected to the jurisdiction of the district court, the judge granted Earls ten days to amend her petition to name the Commission as a defendant.

¶ 5 The Oklahoma Supreme Court issued a writ of prohibition because the ten-day peri-

od provided by § 2–610(1) had already expired, holding, "When the ten-day appeal period provided in 40 O.S. § 2–610 has run without all necessary parties being named, the district court is without jurisdiction." 1995 OK 74, ¶ 13, 903 P.2d at 871. This holding is inconsistent with any "relation back" of an amendment to join the previously unnamed party.

¶ 6 Burton's second argument is based upon the combination of two rules for counting days. The application of both rules is necessary in order to make Burton's appeal timely. The first rule, contained in 12 O.S. 2001 § 2006(A),[1] would, if it applies, eliminate the intervening Saturdays and Sundays in determining the ten-day period in which Burton's appeal had to filed. The second rule, contained in § 2006(D),[2] would, if applicable, increase the period in which the appeal is to be filed to 13 days.

¶ 7 The Board's order was mailed on September 10, 2004, a Friday. If § 2006(A) applies, the tenth day fell on Friday, September 24. However, if § 2006(D) *also* applies, the thirteenth day fell on September 29, 2004, the date Burton filed her Amended Petition for Review naming all of the necessary parties as co-defendants.

 ¶ 8 We conclude § 2006(D) does not apply, according to its terms, and therefore the Amended Petition for Review was not timely. The additional three days allowed by § 2006(D) are available only when the time limit begins to run "after service of a notice or other paper upon the party" and that service is accomplished by mail. The ten-day appeal time established in 40 O.S.2001 § 2–610(1) makes no reference to service upon the parties, but states that "any party ... may obtain judicial review" by filing a petition for review "[w]ithin ten (10) days after *the day a notice of decision* of the Board of Review *is mailed* to the parties." Rather than making the operative date for commencing the time period as the date of service of the notice, as contemplated by 12 O.S.2001 § 2006(D), the Legislature chose to begin the running of the appeal time on the date the notice was mailed.

¶ 9 Even if 12 O.S.2001 § 2006(A) applied,[3] Burton's Amended Petition for Review was not filed until several days after the ten-day period, computed without counting any intervening Saturdays or Sundays, had expired. The trial court correctly concluded Burton's appeal was untimely. The trial court's order is affirmed.

AFFIRMED.

MITCHELL, J., and BELL, J., concur.

---

1. Subsection A provides, in pertinent part:

   A. COMPUTATION. 1. *In computing any period of time prescribed or allowed by this title, by the rules of any court of this state, or by order of a court of this state,* the day of the act, event, or default from which the designated period of time begins to run shall not be included.... *[W]hen the period of time prescribed or allowed is less than eleven (11) days, intermediate legal holidays and any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, shall be excluded from the computation.* (Emphasis added).

2. Subsection D provides, in pertinent part:

   D. ADDITIONAL TIME AFTER SERVICE BY MAIL. Whenever a party has the right or is required to do some act or take some proceedings *within a prescribed period after the service of a notice or other paper upon the party* and the notice or paper is served upon the party by mail, three (3) days shall be added to the prescribed period. (Emphasis added).

3. Although the ten-day period required by 40 O.S.2001 § 2–610(1) does not appear to be affected by the literal provisions of § 2006(A) because it is not a "period of time prescribed or allowed by [Title 12 of the Oklahoma Statutes], by the rules of any court of this state, or by order of a court of this state," Burton contends it must be applied uniformly to all appeals, relying on *Horvat v. State,* 2004 OK CIV APP 59, 95 P.3d 190, (Approved for Publication by the Oklahoma Supreme Court). *Horvat* held the Oklahoma Constitution, Article 5, Section 46, required the "mail-box rule" contained in 12 O.S.2001 § 940(A) concerning appeals to the Oklahoma Supreme Court to be applied in an administrative appeal to the Oklahoma Merit Protection Commission. However, we need not determine whether *Horvat* requires us to apply § 2006(A) because its application is of no consequence to Burton's appeal without the three additional days which she would have gained if § 2006(D) applied.