2010 OK 45

Judy A. DAVIS, Appellant/Petitioner,

v.

OKLAHOMA EMPLOYMENT SECURITY COMMISSION and Tinker AFB 72 FSS/FSSCEM, Appellee/Respondents.

No. 107,100.

Supreme Court of Oklahoma.

June 15, 2010.

Rehearing Denied Sept. 13, 2010.

Brian M. Dell, Brian M. Dell, P.C., Oklahoma City, OK, for Petitioner/Appellant.

Teresa Thomas Keller, Oklahoma Employment Security Commission, Oklahoma City, OK, for Appellees/Respondents.

WINCHESTER, J.

¶ 1 The primary issue on appeal is whether failure to name the Board of Review ("Board") of the Oklahoma Employment Security Commission ("OESC"), as a party to an appeal brought under 40 O.S. Supp.2008, § 2–610, requires the dismissal of the action for failure to name a necessary party. We have previously addressed this issue in *Edmondson v. Siegfried Ins. Agency, Inc.,* 1978 OK 45, 577 P.2d 72, and *Oklahoma Employment Security Commission v. Carter,* 1995 OK 74, 903 P.2d 868. In both cases, we regarded the failure to name the Board as a fatal, jurisdictional flaw. This case is no different.

## BACKGROUND

¶ 2 Petitioner, Judy Davis ("Davis"), sought unemployment benefits after she was terminated by her employer, Tinker AFB 72 FFS/FFSCEM ("Tinker"). OESC authorized such benefits to be paid and Tinker appealed the decision to OESC's Appeal Tribunal. The Appeal Tribunal reversed OESC's determination finding that Davis had been discharged for misconduct connected to her employment which disqualified her from receiving such benefits. Davis appealed the decision to the Board of Review which affirmed the Appeal Tribunal's denial of benefits.

¶ 3 Davis next filed a petition for judicial review in the District Court of Oklahoma County. The caption of the petition listed only Tinker and OESC. The Board was not named in the caption, although Davis did serve a copy of the petition on the Board and the petition specifically mentioned the action of the Board. OESC appeared specially to move for dismissal of the case on the ground that the Board was not named as required by 40 O.S. Supp.2008, § 2–610(1).[1] The Honorable Vicki Robertson dismissed the appeal for lack of subject matter jurisdiction, citing Davis' failure to name the Board as a necessary defendant as required by statute. Davis filed a petition in error and the Court of Civil Appeals (COCA), Division IV, reversed the trial court holding that although the Board of Review was not named in the style of the appeal, the Board nevertheless received notice as it was named in the body of the petition. We granted certiorari.

## DISCUSSION

¶ 4 In appeals from decisions of the OESC, 40 O.S. Supp.2008, § 2–610 provides for the filing of a petition for review in the district court "... against the Board of Review ..." and further provides that all other parties to the proceeding before the Board be made co-defendants. This Court has previously ruled that the failure to name the Board in an action for judicial review is fatal. *Edmondson v. Siegfried Ins. Agency, Inc.,* 1978 OK 45, 577 P.2d 72, and *Oklahoma Employment Security Commission v. Carter,* 1995 OK 74, 903 P.2d 868.

¶ 5 In *Oklahoma Employment Security Commission v. Carter,* 1995 OK 74, 903 P.2d 868, this Court assumed original jurisdiction and prohibited the continued prosecution of an administrative appeal before the district in Pottawatomie County. That opinion registered disapproval of the district court's allowance of an amendment to add the Board of Review as a party after the expiration of the ten-day appeal time. The *Carter* Court placed primary reliance on *Edmondson v. Siegfried Ins. Agency, Inc.,* 1978 OK 45, 577 P.2d 72, which regarded the failure to name the Board as a fatal, jurisdictional flaw.

¶ 6 According to *Edmondson,* the judicial review provided by statute "is a special proceeding and the procedural requirements are mandatory." *Edmondson v. Siegfried Ins.*

1. Section 2–610(1), which was not altered by the 2008 amendment, provides:

Within the ten (10) days after the day a notice of decision of the Board of Review is mailed to the parties, the Oklahoma Employment Security Commission, or any party to the proceedings before the Board of Review, may obtain judicial review thereof by filing in the district court of the county in which the claimant resides, or if the claimant is not a resident of the State of Oklahoma then in the district court of Oklahoma County, a petition for review of such decision, against the Board of Review. In such petition for review all other parties to the proceeding before the Board of Review and the Commission shall be made codefendants. Such petition for review need not be verified but shall state specifically the grounds upon which such review is sought. A copy of the petition for review shall be served upon a member of the Board of Review or upon such persons as the Board of Review may designate and the petitioner shall also deliver to the person so served as many copies of the petition as there are defendants. The Board of Review shall forthwith send by mail to each other party to the proceeding a copy of such petition, and such mailing shall be deemed to be service upon all such parties. In any proceeding under this section the findings of the Board of Review as to the facts, if supported by evidence, shall be conclusive and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may remand the case and order additional evidence to be taken before the Board of Review, and the Board may, after hearing the additional evidence, modify its findings of fact or conclusions, and file the additional or modified findings and conclusions, together with the transcript of the additional record, with the court.

*Agency, Inc.,* 1978 OK 45, ¶ 4, 577 P.2d 72, 73. The terms of the statute must be complied with before the court can acquire jurisdiction. The statute clearly denominates the Board and the OESC as separate entities in proceedings for judicial review.

¶ 7 Davis urges that because she identified the Board in the body of the petition and served the Board with notice this was sufficient to satisfy § 2–610. COCA agreed dismissing the authority of the *Edmondson* and *Carter* cases by suggesting that those cases must have involved more than merely omitting the requisite party from the caption. We find nothing in those cases to support this finding. In fact, the *Carter* opinion specifically referenced *Taylor v. Okla. Employment Security Commission,* 1993 OK CIV APP 195, 867 P.2d 490, a COCA case with facts similar to the case at bar where the Board was not named as a party but had been served with summons and the petition. In *Taylor,* the administrative appeal was held fatally flawed.

¶ 8 The holdings in *Edmondson* and *Carter* are clear: the omission of any necessary party requires dismissal by the district court. Davis' failure to name the Board is fatal and the case is hereby dismissed.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.

CONCUR: EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, OPALA, WATT, WINCHESTER, JJ.

DISSENT: KAUGER (joins REIF, J.), COLBERT (joins REIF, J.), REIF, JJ.

OPALA, J., concurring

¶ 1 Anglo–American law teaches that all judicial decisions in a system must conform to the precedential pronouncements of its highest court.[1] In Oklahoma the tribunal accorded that status for noncriminal cases is her Supreme Court.[2] Only those pronouncements by the Court of Civil Appeals which are declared to be precedential by the Supreme Court may claim precedential status.[3]

¶ 2 Under scrutiny here for conformity to precedent is an opinion by the Court of Civil Appeals (COCA). A three-judge panel of that court, which considered this case, carved out an exception to this court's precedential pronouncement. That exception had been earlier rejected by another panel in a **published** opinion.[4] Today's opinion by this court disapproves of the COCA departure from ruling precedent, deeming it to be unwarranted. I join the court's pronouncement which gives **full support to the legal system's need for conformity to long-standing public-law precedent.** Both the functionaries of our government, state and local, as well as the public dealing with them, must **strictly conform** to the norms of conduct fashioned by precedential jurisprudence of this court for their claims vis-a-vis each other (and defenses against them).[5]

¶ 3 Caselaw must remain unchanged until it is altered by the precedent-setting tribunal. Stability and consistency are of utmost importance. Disrepute of, and lack of faith in, our legal system will inevitably follow from an unpredictably changeable and nonuniform public-law jurisprudence.

REIF, J., with whom Kauger and Colbert, JJ., join, dissenting.

¶ 1 The issue in this case is whether the claimant's petition for judicial review was

1. Rupert Cross, Precedent in English Law, pgs. 103 *et seq.* (1st ed. 1961).

2. Art. 7 § 4, Okl. Const.; *In re M.B.,* 2006 OK 63, ¶ 8, 145 P.3d 1040, 1044; *Smith v. Oklahoma Dept. of Corrections,* 2001 OK 95, ¶ 6, 37 P.3d 872, 873.

3. 20 O.S.2001 § 30.5; 20 O.S.2001 § 30.14(C); Okla.Sup.Ct.R. 1.200(c)(2), 12 O.S.2001, Ch. 15, App.1; *Manley v. Brown,* 1999 OK 79, ¶ 9 n. 9, 989 P.2d 448, 452 n. 9.

4. *Taylor v. State ex rel. Oklahoma Employment Security Commission,* 1993 OK CIV APP 195, 867 P.2d 490.

5. "When a dispute presents a public-law controversy, we are generally free to grant corrective relief upon any applicable legal theory dispositive of the case and supported by the record." *State v. Torres,* 2004 OK 12, ¶ 7, 87 P.3d 572, 578; *City of Enid v. Public Employees Relations Bd.,* 2006 OK 16, ¶ 21, 133 P.3d 281, 289 (citing *Special Indemnity Fund v. Reynolds,* 1948 OK 14, ¶ 6, 199 Okla. 570, 188 P.2d 841, 842).

sufficient to invoke the district court's jurisdiction. The majority holds the petition was not sufficient because it did not name the Board of Review as a defendant in the caption or style of the petition. The majority relies upon precedent that requires the appealing party to name all necessary parties in the petition for review. The majority also notes that (1) judicial review is a special proceeding, (2) the procedural requirements for judicial review are mandatory; and (3) the terms of the statute must be complied with before the court can acquire jurisdiction. While I readily agree that these general principles govern judicial review, I do not agree that they are dispositive.

¶2 My chief disagreement with the majority opinion lies in the fact that the statute authorizing judicial review—40 O.S. Supp. 2008, § 2–610—does not require the petition for judicial review to name the Board of Review in the caption or style of the petition. Indeed, the statute does not require the petition to be in any particular form or bear a particular caption or style. The statute simply provides that judicial review may be obtained by "filing ... a petition for review ... against the Board of Review." Examination of the body of the petition in the case at hand clearly reveals that the petition was filed "against the Board of Review." As the Court of Civil Appeals opinion points out, (1) "the text of the petition recites the administrative history of the proceedings, including the appeal to the Board;" (2) "a copy of the Board's opinion is attached to the petition;" (3) "[the petition] lists ... errors in the proceedings and ... reasons for judicial review;" and (4) "[the] petition requests the court ... to reverse the ruling of the Appeal Tribunal/Board of Review."

¶3 Not only does the statute *not* require the petition for review to be in any particular form or to bear a particular caption or style, it is well settled that the failure to name a party in the caption of a petition is a mere irregularity if the body of the petition otherwise states a cause of action against a defendant. *Klopfenstein v. Okla. Dep't of Human Services,* 2008 OK CIV APP 16, ¶17, 177 P.3d 594, 598 (citing *Mitchell v. Maynard,* 80 F.3d 1433, 1441 (10th Cir.1996) ("[A] party

not properly named in the caption ... may still be properly before the court if allegations in the body of the [pleading] make it plain the party is intended as a defendant....")). As this Court has said:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice. * * * If [a pleading] names [a party] in such terms that every intelligent person understands who is meant, as the case here, [the pleading] has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*C & C Tile Co. v. Indep. Sch. Dist. No. 7 of Tulsa County,* 1972 OK 137, ¶24, 503 P.2d 554, 559 (citations omitted).

¶4 Furthermore, the fact that judicial review of a decision by the Board of Review is a special proceeding should not exempt the pleadings in such cases from being construed so as to do substantial justice. 12 O.S.2001 and Supp.2009 § 2008(F). This Court has recently applied this rule in construing the pleadings in condemnation cases which are likewise special proceedings. *State of Oklahoma ex rel. Dep't of Transportation v. Cole,* 2009 OK 40, 236 P.3d 49. In *Cole* and its companion cases, this Court held that landowners had timely demanded a jury trial based on language in their respective motions to withdraw the commissioners' award. Each motion stated landowners were withdrawing the commissioners' award "pending trial of the issues by jury." The reason it was necessary to construe such language as a demand for jury trial was that landowners formal pleadings entitled "Demand For Jury Trial" were filed out of time, whereas the motions to withdraw the commissioners' awards were filed within the time to demand a jury trial. If this Court had not construed the language in the motions "as to do substantial justice," the trial court would have lacked jurisdiction to give landowners a jury trial on the issue of damages. *Id.* at ¶¶15–17, 236 P.3d at 53. There is no cogent reason to refuse to construe the body of the petition for review in the case in hand as similarly sufficient to name the Board of Review and invoke judicial review by the district court.

¶ 5 The position taken by the majority is particularly alarming in light of the large numbers of people who pursue unemployment compensation benefits *pro se.* Such individuals most likely would not associate "filing ... a petition ... against the Board of Review" as requiring the naming of the Board of Review in the caption or style of the pleading. Indeed, a *pro se* person most likely would understand the statute to require only the statement of some reason or reasons why the *pro se* party believes the Board of Review is wrong.

¶ 6 Finally, there is no dispute that the petition in question was served on the Board of Review. Likewise, there is no dispute that the Board of Review understood the claimant was aggrieved by the decision of the Board and was seeking judicial review of that decision. No claim has been made that the Board or any other party was misled to their detriment, or that the form and content of the pleading caused any problem with respect to the Board preparing and transmitting the record to district court. The majority's refusal to construe the petition for judicial review so "as to do substantial justice" exalts form over substance without furthering any reasonable purpose of the Unemployment Compensation Act. Accordingly, I cannot join such a strict interpretation of the statute governing judicial review and must respectfully dissent.